In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00026-CV
______________________________


ROY JON, Appellant
 
V.
 
REGINALDO STANLEY, ET AL., Appellees


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 03-C-0227-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Roy Jon filed a suit pro se against the Texas Department of Criminal Justice–
Institutional Division for claims alleged under the Texas Tort Claims Act and for alleged
violations of his constitutional rights under the Eighth Amendment. The trial court
dismissed the lawsuit as frivolous January 23, 2002. On February 22, 2002, Jon signed
a motion to reform the judgment, which was filed March 1, 2002. See Jon v. Stanley,
No. 06-02-00092-CV (Tex. App.—Texarkana July 5, 2002, pet. denied) (not designated for
publication). The trial court denied the motion to reform March 22, 2002. Jon signed a
notice of appeal May 23, 2002, which was filed May 30, 2002. This Court dismissed the
untimely appeal for want of jurisdiction July 5, 2002. Id. 
          Jon then petitioned in the trial court for a bill of review "to determine when the clerk
forward [sic] the judgment." The trial court dismissed this motion, noting that "the matters
that are asserted by the plaintiff are matters which could have and should have been
determined by the Trial Court on the original case," and further finding that "the cause of
action brought by the plaintiff in this case is frivolous." Jon timely perfected this appeal,
presenting five issues, only one of which concerns matters raised in his motion for bill of
review. 
          A bill of review is an independent equitable action that a party to a previous action
brings seeking to set aside a prior judgment that is no longer appealable or subject to a
motion for new trial. Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979). Although it
is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify
relief by bill of review. Jones v. Corcoran, 95 S.W.3d 673, 675 (Tex. App.—Houston [1st
Dist.] 2002, no pet.). As a general rule, "bill of review relief is available only if a party has
exercised due diligence in pursuing all adequate legal remedies against a former judgment,
and through no fault of its own, has been prevented from making a meritorious claim or
defense by the fraud, accident, or wrongful act of the opposing party" or a mistake or error
by a court official. See Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999);
Baker, 582 S.W.2d at 408. If a petitioner has ignored available legal remedies, a petition
for bill of review will not be granted. Wembley Inv. Co., 11 S.W.3d at 927. We review the
granting or denial of a bill of review under an abuse of discretion standard. Manley v.
Parsons, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi 2003, no pet.). 
          Jon advanced two claims in his motion for bill of review: 1) that the post-judgment
deadlines in his prior suit should have been extended because he did not receive notice
of the judgment by the district clerk, and 2) that the trial court abused its discretion by
dismissing his claims without allowing him the opportunity to pay the filing fee or allowing
him to voluntarily dismiss the suit. We assume, from these allegations, Jon was
complaining that, through no fault of his own, he was prevented from asserting a
meritorious claim in his prior suit because of a mistake or error by court officials.
          Jon makes no argument on appeal in support of his second claim. We therefore
consider it abandoned. As noted, only the first issue presented in his brief relates to a
claim made in his motion for bill of review. The other four issues pertain to matters that
would have been appropriate in his failed appeal of his prior lawsuit.


 Because that appeal
was untimely, we will not consider those issues here. 
          In the only issue presented in this appeal concerning the first claim made in his
motion for bill of review, Jon contends that, in his prior suit, he was entitled to an extension
of the appellate time line to perfect his appeal. He relies specifically on Tex. R. Civ. P.
306a(4). 
          Jon is correct; post-judgment deadlines may be extended under certain
circumstances. Rule 306a provides, in relevant part, as follows:
3. Notice of judgment. When the final judgment or other appealable
order is signed, the clerk of the court shall immediately give notice to the
parties or their attorneys of record by first-class mail advising that the
judgment or order was signed. . . .
 
4. No notice of judgment. If within twenty days after the judgment
or other appealable order is signed, a party adversely affected by it or his
attorney has neither received the notice required by paragraph (3) of this rule
nor acquired actual knowledge of the order, then with respect to that party
all the periods [for the court's plenary power to grant a new trial or to vacate,
modify, correct, or reform a judgment or an order, and for filing various
documents that these rules authorize a party to file within such periods] shall
begin on the date that such party or his attorney received such notice or
acquired actual knowledge of the signing, whichever occurred first, but in no
event shall such periods begin more than ninety days after the original
judgment or other appealable order was signed.
 
5. Motion, notice and hearing. In order to establish the application
of paragraph (4) of this rule, the party adversely affected is required to prove
in the trial court, on sworn motion and notice, the date on which the party or
his attorney first either received a notice of the judgment or acquired actual
knowledge of the signing and that this date was more than twenty days after
the judgment was signed.
 
Tex. R. Civ. P. 306a(3), (4), (5). 
          Jon's reliance on Rule 306a(4) is misplaced. Rule 306a(1) provides that the periods
within which parties may file various post-judgment motions, and trial courts may exercise
their plenary jurisdiction, all run from the date the judgment is signed. Jon is correct that
Rule 306a(4) provides an exception to Rule 306a(1) if the party does not receive notice or
acquire actual knowledge of the dismissal within twenty days after the signing of the
judgment or other appealable order. This exception, however, cannot benefit Jon for two
reasons. First, it merely enlarges the time for filing post-judgment motions, time which Jon
did not need because he obviously received timely notice or actual knowledge of the trial
court's judgment dismissing his lawsuit because he did, in fact, file a post-judgment motion
within thirty days of the signing of that judgment. Jon complains he did not receive notice
of the trial court's March 22, 2002, order overruling his motion to modify the judgment until
July 2002. That order, however, is not the "other appealable order" to which Rule 306a(4)
applies. Although the judgment dismissing his lawsuit was not appealable until Jon's
motion to modify had been overruled, either by express order or by operation of law, it was
that judgment, not the trial court's ruling on his post-judgment motion, that was appealable. 
          The second reason the Rule 306a(4) exception is of no avail to Jon is the language
in the rule providing that "in no event shall such periods begin more than ninety days after
the original judgment or other appealable order was signed." Even if the exception applied
to the trial court's March 22, 2002, order overruling Jon's motion to modify, Jon
acknowledges he did not receive notice of that order until July 2002. In order to establish
the applicability of Rule 306a(4), a party must show receipt of notice within ninety days
after the judgment or other appealable order was signed. Carrera v. Marsh, 847 S.W.2d
337, 341 (Tex. App.—El Paso 1993, orig. proceeding). June 20, 2002, was the ninetieth
day after the order overruling Jon's motion to modify was signed. His notice of that order,
received in July 2002, simply was not covered by Rule 306a(4). See Levit v. Adams, 850
S.W.2d 469, 470 (Tex. 1993). 
          Even if Rule 306a(4) did apply to Jon, in order to establish that applicability, he was
required to file a sworn motion in the trial court establishing the date on which he first
received notice or acquired actual knowledge of the signing of the order. Tex. R. Civ. P.
306a(5). 
          Complying with the provisions of Rule 306a is a jurisdictional prerequisite. Mem'l
Hosp. v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987); Grondona v. Sutton, 991 S.W.2d 90, 91
(Tex. App.—Austin 1998, pet. denied). The sworn motion serves the purpose of
establishing a prima facie case of lack of timely notice, thereby invoking the trial court's
jurisdiction for the limited purpose of holding a hearing to determine the date of notice. 
Grondona, 991 S.W.2d at 91–92; Carrera, 847 S.W.2d at 341–42. If the movant fails to
establish the applicability of the exception in the prescribed manner, the trial court lacks
jurisdiction to determine the date of notice, and any order doing so is void. Gillis, 741
S.W.2d at 365–66; Grondona, 991 S.W.2d at 92.
          Jon failed to file a sworn motion in the trial court establishing the date on which he
first received notice or acquired actual knowledge of the signing of the order. He therefore
could not receive the benefit of Rule 306a(4), even if it applied. 
          Jon argues that, because he filed his notice of appeal in his prior suit within ninety
days after the order overruling his motion to modify was signed, his appeal of that case
was timely, citing John v. Marshall Health Servs., Inc., 58 S.W.3d 738 (Tex. 2001). John
held that the rules (contained in Rule 306a) do not set a deadline for filing a motion
claiming the exception under Rule 306a(4), "other than the deadline of the expiration of the
trial court's jurisdiction." Id. at 741. For the reasons stated above, Rule 306a(4) does not
apply to Jon in this situation, and even if it did, Jon never followed it by filing a sworn
motion in the trial court establishing the date on which he first received notice or acquired
actual knowledge of the signing of the judgment or order.
          Further, Jon's contention in this regard constitutes a collateral attack on this Court's
judgment in his appeal in the prior suit. A bill of review is not a proper attack on an
appellate court's judgment and cannot be used as a substitute for review by the Texas
Supreme Court. Cherry v. Altman, 872 S.W.2d 46, 47 (Tex. App.—Fort Worth 1994, pet.
denied; pet. dism'd w.o.j. [2 pets.]). Jon sought review of our judgment by the Texas
Supreme Court in the prior case and was denied. Jon, No. 06-02-00092-CV. A
fundamental tenet of our jurisprudence holds that res judicata bars relitigation of issues 
previously settled by final judgment. Altman, 872 S.W.2d at 47.
          Even addressing the merits of Jon's contention, he did not timely appeal in the prior
suit. Without regard to whether he had notice or knowledge of the trial court's overruling
of his motion to modify the judgment, Jon, as noted above, obviously received timely notice
or actual knowledge of the trial court's judgment dismissing his lawsuit. This is because,
within thirty days of the signing of that judgment, he filed a motion to modify that judgment. 
Under Rule 329b, that motion to modify was required to be determined by written order
signed within seventy-five days after the date the judgment was signed, or be considered
overruled by operation of law on expiration of that period. Tex. R. Civ. P. 329b(c). Further,
the filing of that motion to modify extended the deadline for filing a notice of appeal to
ninety days after the judgment was signed. Tex. R. App. P. 26.1(a)(2). Because the
judgment dismissing Jon's suit was signed January 23, 2002, when Jon timely filed his
motion to modify the judgment, he had until April 23, 2004, to file a notice of appeal,
regardless of whether his motion to modify was disposed of by written order or overruled
by operation of law. Thus, his notice of appeal filed one month later was untimely and this
Court was without jurisdiction to consider it. 
          For these reasons, we conclude the trial court did not abuse its discretion in
dismissing Jon's motion for bill of review.
          We affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      August 31, 2004
Date Decided:         October 29, 2004