Affirmed and Memorandum Opinion filed November 21, 2006















Affirmed and Memorandum Opinion filed November 21, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-01053-CV

____________

 

JOHN HATTON, Appellant

 

V.

 

DANIEL D. GRIGAR, Appellee

 





 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 97-CV-98376

 





 

M E M O R A N D U M   O P I N I O N

In ten issues, appellant John Hatton appeals from the trial
court=s grant of
no-evidence summary judgment in favor of appellee Daniel D. Grigar dismissing
Hatton=s bill of review
and the trial court=s order of sanctions.  We affirm. 

I.  Factual and Procedural Background

 

This appeal arises from a longstanding dispute over the ownership
of a road.  In 1997, Daniel D. Grigar sought a declaratory judgment that
the gravel road abutting John Hatton=s property, which
provided access to Grigar=s landlocked property, constituted a public
easement.  On June 23, 2000, after a bench trial, the trial court entered
a judgment in favor of Grigar (the A2000 judgment@), finding
that:  (1) Grigar=s land was in fact landlocked, (2) the
road constituted a public road, and (3) an easement of ingress and egress
existed by necessity, prescription, and implication in favor of Grigar. 
Hatton appealed the judgment to this court, and we affirmed.  See
Hatton v. Grigar, 66 S.W.3d 545, 557 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  Although not detailed by the parties in this
appeal, the same facts underlying the 2000 judgment and our decision in Hatton
have apparently given rise to several proceedings in other state and
federal courts. 

Hatton thereafter timely petitioned the trial court for a
bill of review, seeking again to set aside the 2000 judgment.  In the
petition, Hatton claimed the trial court did not give him notice of the date it
entered the judgment; therefore, he asserted, through no fault of his own, he
failed to appear on the date the court signed and entered the judgment and did
not receive notice of the judgment Auntil a later
date.@  Hatton
contended that the court=s alleged failure to provide notice denied
him due process by precluding him both from appearing on the date of entry and
requesting the trial court to reconsider its ruling and from timely requesting
the court to enter findings of fact and conclusions of law.  See
Peralta v. Heights Med. Ctr., Inc., 485 U.S.
80, 86B87 (1988); Lopez
v. Lopez, 757 S.W.2d 721, 722 (Tex.
1988).  Hatton further asserted that Grigar had no standing to seek a
declaratory judgment, and this constituted a meritorious defense the trial
court never considered.  

 

Grigar moved for no-evidence summary judgment on Hatton=s bill of review
and for sanctions and attorney=s fees against Hatton and his attorney,
Robert T. Wallace, under both Rule 13 of the Texas Rules of Civil Procedure and
section 10 of the Texas Civil Practice and Remedies Code.  In his motion,
Grigar requested that the trial court take notice of all prior proceedings
therein relating to the 2000 judgment and of our decision in Hatton. 
Grigar also challenged Hatton=s contention that he had no notice the
trial court signed the 2000 judgment, noting that Hatton timely appealed the
judgment.  At the summary judgment hearing, the court took notice of the
prior proceedings and acknowledged that the record from the 2000 lawsuit
indicated the district clerk sent Hatton notice of the judgment the day the
trial judge signed it.  Although the record does not indicate the date
Hatton received actual notice of the 2000 judgment, Wallace conceded Hatton
received notice in time to file a notice of appeal.  In response to Grigar=s no-evidence
motion, Hatton contended the motion violated Rule 166a(i) of the Texas Rules of
Civil Procedure by failing to specifically state which elements of Hatton=s bill of review
claim lacked evidence.  See Tex.
R. Civ. P. 166a(i).  Hatton also responded with evidence showing he
owned the property adjacent to the road and purportedly demonstrating he had
acquired title to the road through adverse possession and deeds from other
parties.  Hatton seemed to argue that, given such evidence and the fact
the 2000 judgment Acast a cloud upon [Hatton=s] adverse and
legal titles to [the] road,@ a Agenuine dispute@ still existed as
to Athe title to [the
road],@ therefore
precluding no-evidence summary judgment on the bill of review.  He later
alleged in amended pleadings that the trial court committed Aextrinsic fraud@ by allowing Grigar
to survey the road when Hatton=s subdivision did not provide an easement
on the road to Grigar and further asserted that Grigar actually had an easement
to his home from another direction. 

 

In his motion for sanctions, Grigar contended Hatton=s bill of review
was groundless and not brought for any purpose other than harassment and/or bad
faith because all the issues addressed therein, namely, ownership of the road,
had been fully litigated.  In support of the motions, Grigar attached
copies of our decision in Hatton and judgments from the various other
courts.  He also attached a letter his attorney sent Wallace on November
17, 2004, informing Wallace that the bill of review constituted a groundless,
frivolous pleading because the case had already been resolved and asking
Wallace to reconsider the bill of review.  Wallace apparently never
responded to the letter.  At the sanctions hearing, Wallace maintained
that he Aseriously
believe[d]@ Hatton had both title and adverse interests in the
property, and based on his research, he believed Hatton was entitled to a bill
of review Ato get some clarification . . . , if nothing else.@  Wallace
added that, although Hatton=s claim Amay not be
considered so great, . . . it is still a claim.@  Hatton
testified that he hired Wallace to petition for the bill of review, not to
cause Aconflict or
problems,@ but because he sought Ajustice@ after several Abias[ed] and
prejudice[d court] decisions@ ruled against him and felt he had a right
to not have his property taken away without due process of
law.             


The trial court granted Grigar=s no-evidence
motion without specifying any grounds, which dismissed Hatton=s petition for
bill of review.  The trial court further granted Grigar=s motion for
sanctions and award of attorney=s fees as to both Hatton and Wallace under
Rule 13 of the Texas Rules of Civil Procedure and section 10 of the Texas Civil
Practice and Remedies Code after finding the bill of review was groundless and
brought in bad faith and for the purpose of harassment.  See Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code Ann. '' 10.001, 10.004
(Vernon 2002).  Specifically, the court sanctioned Hatton because Ahe employed
[Wallace] to file the Bill of Review and[,] after being advised that there was
no basis to support the allegations in the pleadings . . . , refused to dismiss
the pleadings.@  The court sanctioned Wallace because he Asigned the
pleadings that requested relief for which there was no basis in law or fact for
the court to award such relief.@  The court ordered Hatton and
Wallace to pay $10,000, jointly and severally.  The court further ordered
Hatton and Wallace to pay Grigar $4,187.50 for attorney=s fees. 

Hatton now appeals the trial court=s judgment
dismissing his bill of review and order imposing sanctions.  In issues
one, three, and five through nine, Hatton challenges the trial court=s grant of summary
judgment, arguing fact issues remain regarding whether the trial court properly
entered the original declaratory judgment, whether he had notice of the
original judgment, and whether the trial court committed extrinsic fraud. 
In issues two, four, eight, and ten, Hatton challenges the trial court=s imposition of
sanctions, including the award of attorney=s fees, contending
his bill of review was not groundless, filed in bad faith, or intended to
harass.  

 

II.  Summary Judgment

A. 
Standard of Review

To determine the proper standard of review for the summary
judgment points of error, we must initially address Hatton=s sixth issue
regarding whether Grigar=s no-evidence motion violated Rule 166a(i)
by failing to specifically state the elements of a bill of review for which
there was allegedly no evidence.  A no‑evidence motion for summary judgment Amust state the elements as to which
there is no evidence,@ and the rule Adoes not authorize conclusory motions
or general no‑evidence challenges.@  See Tex. R. Civ. P. 166a(i) & cmt.; Cuyler v. Minns, 60 S.W.3d 209, 212 (Tex.
App.CHouston [14 Dist.] 2001, pet.
denied).  AWhen a no‑evidence motion for summary judgment does not
specifically state which elements lack evidence, the motion should be treated
as a motion for a 166a(c) summary judgment.@  Kadhum v. Homecomings Fin.
Network, Inc., No. 01‑05‑00705‑CV, ___ S.W.3d ____, 2006
WL 1125240, at *4 (Tex. App.CHouston [1st Dist.] Apr. 27, 2006, pet. filed); see also
Brown v. Hearthwood II Owners Ass=n, Inc., 201 S.W.3d 153, 157 (Tex. App.CHouston [14th Dist.] 2006, no pet.
h.); Adams v. Reynolds Tile &
Flooring, Inc., 120
S.W.3d 417, 420 (Tex. App.CHouston [14th Dist.] 2003, no pet.); Amouri v. Sw. Toyota,
Inc., 20 S.W.3d 165, 168 (Tex. App.CTexarkana 2000, pet. denied). 
This distinction is important because the two forms of summary judgment invoke
different standards of review.  Brown, 201 S.W.3d at 157.  In his
no-evidence motion, Grigar did not specifically enumerate the elements of
Hatton=s bill of review
claim which lacked evidence.  As noted, Grigar simply requested the court
take judicial notice of prior proceedings and challenged Hatton=s assertion that
he lacked notice of the judgment.  Accordingly, we construe Grigar=s Ano-evidence@ motion for summary judgment as a
traditional motion for summary judgment under Texas Rule of Civil Procedure
166a(c) and apply the appropriate standard of review.  See Tex. R. Civ. P. 166a(c); Kadhum, 2006 WL 1125240, at *4; Brown, 201
S.W.3d at 157; Amouri, 20 S.W.3d at 168. 

 

The standard of review for a traditional motion for summary
judgment is whether the successful movant at the trial level carried its burden
of showing that there is no genuine issue of material fact and that judgment
should be granted as a matter of law.  See Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex.
1999).  A defendant who either conclusively negates at least one of the
essential elements of each of the plaintiff=s causes of action
or conclusively establishes all elements of an affirmative defense is entitled
to summary judgment.  Johnson v. Felts, 140 S.W.3d 702, 706 (Tex.
App.CHouston [14th
Dist.] 2004, pet. denied).  In order to conclusively negate at least one
of the requisite elements, the motion must identify or address the cause of
action or defense and its elements.  Id.  Evidence is conclusive only
if reasonable people could not differ in their conclusions.  City of Keller v. Wilson, 168
S.W.3d 802, 816 (Tex.
2005).  Under this traditional standard, this court must take as true all
evidence favorable to the nonmovant and must make all reasonable inferences in
the nonmovant=s favor.  See id.  Moreover, when the
trial court does not specify the basis for its summary judgment, we will affirm
the judgment if any one of the theories advanced in the motion is
meritorious.  Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150,
157 (Tex.
2004).  In other words, the appealing party must show each independent
ground alleged is insufficient to support the summary judgment granted.  See
Star‑Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).[1]


 

B.  Analysis

On appeal, Hatton reiterates the same arguments he made to
the trial court in his bill of review and his response to Grigar=s motion for
summary judgment.  Under the well-established law governing bills of review,
however, Hatton=s contentions must fail.  A bill of
review is an equitable proceeding brought by a party seeking to set aside a
prior judgment that is no longer subject to challenge by a motion for new trial
or appeal.  Caldwell v. Barnes,
154 S.W.3d 93, 96 (Tex.
2004).  ABill of review plaintiffs must ordinarily plead and
prove (1) a meritorious defense to the underlying cause of action, (2) which
the plaintiffs were prevented from making by the fraud, accident or wrongful
act of the opposing party or official mistake, (3) unmixed with any fault or
negligence on their own part.@  Id.  However, a party
who failed to appeal the judgment of which the party had notice, or a party who
timely but unsuccessfully appealed the judgment, may not use a bill of review
as an additional remedy.  Rizk v. Mayad, 603 S.W.2d 773, 775B76 (Tex. 1980).  AThe grounds upon
which a bill of review can be obtained are narrow because the procedure
conflicts with the fundamental policy that judgments must become final at some
point.@  Transworld
Fin. Serv. Corp. v. Briscoe, 722 S.W.2d 407, 407 (Tex. 1987).  

 

 Grigar conclusively negated the second element of
Hatton=s prima facie case
for a bill of review by successfully requesting the trial court to take notice
of the prior proceedings relating to the 2000 judgment.  In so taking
notice, the trial court correctly recognized that Hatton has already tried and
unsuccessfully appealed the issues underlying his bill of review, namely,
ownership of the road.  Indeed, most of Hatton=s arguments in the
trial court and on appeal either simply rehash the settled issue of ownership
of the road or are wholly conclusory in nature.  In issues one and five,
he contends a fact issue exists because a court may not grant a declaratory
judgment Aas an affirmative ground of recovery to alter rights,
status, or relationships.@  In issues seven and eight, he
contends the trial court improperly granted a declaratory judgment, and by
extension, summary judgment dismissing the bill of review, because he had legal
and adverse claims to the road.  All of these issues Aeither [were] or
should have been litigated [in the trial and appellate courts.]@  Rizk,
603 S.W.2d at 776.  As such, because Hatton timely but unsuccessfully
appealed the issues underlying the 2000 judgment, he cannot show he has been
prevented from making a claim or defense, and, accordingly, he cannot utilize a
bill of review.  Rizk, 603 S.W.2d at 776; see also Nabelek v.
C.O. Bradford, No. 14-04-01177-CV, 2006 WL 915824, at *2 (Tex. App.CHouston [14th
Dist.] Apr. 6, 2006, pet. denied) (mem. op., not designated for publication)
(affirming denial of bill of review where party had timely but unsuccessfully
appealed the same errors underlying the bill of review and thus had not been
prevented from asserting claims or defenses); McIntyre v. Wilson, 50
S.W.3d 674, 680 (Tex. App.CDallas 2001, pet. denied) (same). 

 

Hatton=s remaining arguments similarly lack
merit, although they invoke theories and doctrines more germane to a bill of
review analysis (unlike the above arguments).  In his petition for bill of
review, Hatton contended the trial court denied him due process under Peralta
and Lopez by failing to give him notice of the date of signing and
entry of the 2000 judgment, thereby precluding him from motioning the court to
reconsider or to file findings of fact and conclusions of law.[2] 
See Peralta, 485 U.S.
at 86B87; Lopez,
757 S.W.2d at 723.  Such contention relies on a misinterpretation of Peralta
and Lopez.  Those cases hold that where a defendant fails to
receive actual or constructive notice of a lawsuit or judgment and thereby
suffers substantial adverse consequences, the defendant has been denied due
process and may set aside the judgment without proving a meritorious defense to
the underlying cause of action.  See Peralta, 485 U.S. at 86B87; Lopez,
757 S.W.2d at 723; see also Dispensa v. Univ. State Bank, 987 S.W.2d
923, 927 (Tex. App.CHouston [14th Dist.] 1999, no pet.). 
Here, Hatton had actual notice of the 2000 lawsuit because it is undisputed he
participated in the full bench trial.  Moreover, Hatton=s attorney
admitted Hatton received notice of the 2000 judgment in time to file notice of
appeal, and Hatton thereafter fully appealed the judgment to this court.  See
Hatton, 66 S.W.3d at 557.  As such, he cannot complain he had no
notice of the lawsuit or judgment.  See Dispensa, 987 S.W.2d
at 928 (affirming denial of bill of review where party asserted due process
violation under Peralta but received actual notice of default judgment
within five days of entry and failed to timely file motion for new trial); Jon
v. Stanley, 150 S.W.3d 244, 249 (Tex. App.CTexarkana 2004, no
pet.) (affirming denial of bill of review where party had actual knowledge of
trial court=s judgment dismissing lawsuit, given that party filed
a motion to modify judgment of dismissal within thirty days of entry, but
failed to timely appeal dismissal).   

Hatton further asserts that his inability to timely request
findings from the trial court somehow relegated our decision in Hatton to
a Amere affirmance@ of the trial
court, which the trial court could have corrected through a bill of review
proceeding.  With this contention, he seems to suggest his previous appeal
of the 2000 judgment should not bar his bill of review.  Such argument is
unpersuasive.  Hatton cites no authority holding that an appellate
decision is vitiated where the trial court did not enter findings of fact and
conclusions of law.  In fact, when no findings of fact or conclusions of
law are requested or filed, we imply all necessary findings in support of the
trial court=s judgment.  Holt Atherton Indus., Inc. v.
Heine, 835 S.W.2d 80, 83 (Tex.
1992).  In addition, when such implied findings are supported by the evidence,
it is our duty to uphold the judgment on any theory of law applicable to the
case.  Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).  Thus, Hatton cannot
downplay the significance of his previous appeal as prohibiting his bill of
review by simply noting that we implied findings in such appeal.   

 

Finally, in issue nine, Hatton claims the trial court
committed extrinsic fraud by allowing Grigar to survey the road as part of the original
trial.  Although an allegation of extrinsic fraud will support a bill of
review, Hatton=s contention misinterprets the plain definition of
extrinsic fraud.  Extrinsic fraud is fraud committed by an adverse party
that denies a party the opportunity to fully litigate all the rights or
defenses upon trial.  See Vickery v. Vickery, 999 S.W.2d 342, 367 (Tex. 1999).  A >Intrinsic fraud,= by contrast,
relates to the merits of the issues which were presented and presumably were or
should have been settled in the former action[,] . . . includ[ing] . . .
fraudulent instruments, perjured testimony, or any matter which was actually
presented to and considered by the trial court in rendering the judgment
assailed.@  Tice v. City of Pasadena, 767 S.W.2d
700, 702 (Tex. 1989).  The trial court=s alleged grant of
permission to Grigar to survey the road does not constitute extrinsic or even
intrinsic fraud because neither Grigar nor any other party adverse to Hatton
allegedly took such action.  Moreover, even if we considered the alleged
grant of permission as extrinsic fraud, such conduct, as noted, did not prevent
Hatton the opportunity to fully litigate all his rights or defenses at
trial.  Further, Hatton had the opportunity to complain about the trial
court=s action on direct
appeal.    

Therefore, because Grigar conclusively negated the second
element of Hatton=s prima facie case for a bill of review
and Hatton=s contentions lack merit, the trial court properly
granted summary judgment in favor of Grigar.  We accordingly overrule
issues one, three, five, six, seven, eight, and nine insofar as they relate to
the trial court=s grant of summary judgment. 

III.  Sanctions in the Trial Court

A.  Standard of Review

 

Regarding the sanctions points of error, we review a trial
court=s order imposing
sanctions under the abuse of discretion standard.  In re N.R.C., 94
S.W.3d 799, 808 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).  The court abuses its discretion if it acts without reference to
any guiding rules and principles or in an arbitrary or unreasonable
manner.  Randolph v. Walker, 29 S.W.3d 271, 276 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  We examine the entire record in determining
whether the order of sanctions constitutes an abuse of discretion.  Id.   


B.  Analysis

In issues two, eight, and ten, Hatton conclusorily asserts
that the trial court erred in imposing sanctions:  (1) against him and
Wallace under Rule 13 of the Texas Rules of Civil Procedure because he filed
the petition for bill of review to allow the trial court to review the
allegedly improper 2000 judgment and not in bad faith or to harass and (2)
against Wallace under section 10.001 of the Texas Civil Practice and Remedies
Code because Wallace did not sign a pleading that was presented for any
improper purpose.  In issue four, Hatton contends the trial court erred in
awarding attorney=s fees  (1) because the evidence is
factually insufficient to support the summary judgment and (2) because the
original lawsuit was not appropriate for declaratory judgment and thus attorney=s fees may not be
awarded under article 37.009 of the Texas Civil Practice and Remedies
Code.   

 

ARule 13 authorizes the trial court to
impose an appropriate sanction available under Civil Procedure Rule 215.2(b)
against an attorney, a represented party, or both, who filed a pleading that is
both: (1) groundless and brought in bad faith; or (2) groundless and brought to
harass.@  See Tex. R. Civ. P. 13; Randolph, 29
S.W.3d at 277.  Rule 13 is designed to check abuses in the pleading
process.  Randolph,
29 S.W.3d at 277.  A party seeking sanctions has the burden of
establishing his right to relief.  Id. 
AGroundless@ means no basis in
law or fact and not warranted by good faith argument for the extension, modification,
or reversal of existing law.  Tex.
R. Civ. P. 13.  Bad faith is not simply bad judgment or negligence,
but means the conscious doing of a wrong for dishonest, discriminatory, or
malicious purpose.  Elkins v. Stotts‑Brown, 103 S.W.3d 664,
669 (Tex.
App.CDallas 2003, no
pet.).  AHarass@ is used in a variety of legal contexts to
describe words, gestures, and actions that tend to annoy, alarm, and verbally
abuse another person.  Id.  In weighing a Rule 13 motion, the
trial court must make factual determinations concerning whether a party=s legal position
as stated in the pleadings is substantially justified.  Randolph,
29 S.W.3d at 277.  In addition, section 10.004 of the Texas Civil Practice
and Remedies Code provides that A[a] court that
determines that a person has signed a pleading or motion in violation of
Section 10.001 may impose a sanction on the person, a party represented by the
person, or both.@  Tex. Civ.
Prac. & Rem. Code Ann. ' 10.004.  Section 10.001 states that
a person signing a motion or pleading certifies that Ato the signatory=s best knowledge,
information, and belief, formed after reasonable inquiry:@  (1) the
motion or pleading is not presented for an improper purpose, (2) each legal
contention is warranted, (3) each factual contention is likely to have
evidentiary support, and (4) each denial of a factual contention is
warranted.  Id. ' 10.001.  Under these provisions,
possible sanctions include paying a penalty and paying reasonable expenses,
including attorney=s fees.  See Tex. R. Civ. P. 215.2(b)(8); Tex. Civ. Prac. & Rem. Code Ann. ' 10.004(c). 
When making its determination to award sanctions on the grounds that a case is
frivolous or legally invalid, a trial court should consider the entire history
of the case. Falk & Mayfield L.L.P. v. Molzan, 974 S.W.2d 821, 824B27 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied).  Further, a party should not be punished for
counsel=s conduct unless
the party is implicated apart from having entrusted its legal representation to
counsel.  TransAmerican Natural Gas v. Powell, 811 S.W.2d 913, 917
(Tex. 1991). 

 

We note initially that we decided Hatton=s contention in
issue four that the original lawsuit was improper for declaratory judgment, and
thus attorney=s fees were improper under article 37.009 of the Texas
Civil Practice and Remedies Code, in his prior appeal; therefore, we will not
revisit this issue.  See Hatton, 66 S.W.3d at 557 (affirming trial
court=s award of
attorney=s fees under
section 37.009 where Hatton complained the evidence was factually insufficient
to support trial court=s judgment).  As to issues two,
eight, ten, and the first sub-point under issue four, we cannot say the trial
court abused its discretion in finding that, based on the evidence and entire
history of the case, Hatton=s petition for bill of review was
groundless and brought in bad faith and for the purpose of harassment, and in
therefore sanctioning Hatton and Wallace.  

Our above analysis supports the trial court=s finding that the
bill of review had no grounds in law or fact, and neither Wallace nor Hatton
submitted a good faith argument for the extension, modification, or reversal of
existing law.  Indeed, upon imposing sanctions, the court told Hatton his
arguments were Apurely frivolous@ under the facts
and law because every issue raised in the petition for bill of reviewCnamely, ownership
of propertyChad been presented to and taken into consideration by
that court, this court on appeal, and Aapparently visited
by every other court that has ever taken a look at it.@

 

Nor can we say the court abused its discretion in finding
that Hatton and Wallace brought the bill of review in bad faith and for the
purpose of harassment.  The trial court noted that, although Grigar=s attorney advised
Hatton and Wallace of the bill of review=s groundlessness
and of his intent to seek sanctions, Hatton nevertheless instructed Wallace to
continue pursuing the bill of review, and Wallace complied.  See Molzan,
974 S.W.2d at 824 n.3, 827 (affirming order of sanctions under Rule 13 on
appellants and noting that appellee=s attorney told
appellants and appellants= counsel their claim was frivolous and
would forego seeking sanctions if they dismissed claim, but appellees rejected
offer).  This indicates that Hatton did not simply entrust the case to
Wallace and rely blindly on his legal counsel but committed sanctionable
conduct separate and apart from Wallace=s legal
representation.  Moreover, Wallace=s contention that
he Aseriously believed@ Hatton had an
interest in the property based on his research and thus could seek a bill of
review is unavailing because even a cursory review of the relevant law would
reveal that Hatton=s prior appeal clearly barred a bill of
review.  See Davis v. Helm, No. 01‑01‑00110‑CV,
2002 WL 1041314, at *7B8 (Tex. App.CHouston [1st
Dist.] May 23, 2002, no pet.) (not designated for publication) (affirming order
of sanctions for bad-faith pleadings under Rule 13 and section 10.004 where
party petitioned for bill of review seeking to set aside judgment that party
had previously unsuccessfully appealed, even though attorney researched law
governing bills of review and concluded Aample authority@ supported the
bill); see also McIntyre, 50 S.W.3d at 680 (affirming order of sanctions
under Rule 13 where appellant petitioned for bill of review seeking to set
aside judgment that appellant previously unsuccessfully appealed); Hughes v.
Aycock, No. 01‑95‑01181‑CV, 1996 WL 396882, at *2B3 (Tex. App.CHouston [1st
Dist.] July 11, 1996, writ dism=d w.o.j.) (not designated for publication)
(affirming order of sanctions under Rule 13 where appellant petitioned for bill
of review on repeatedly litigated issues). 

Thus, because we find the trial court did not abuse its
discretion in imposing sanctions on Hatton and Wallace for filing groundless
pleadings in bad faith and for the purpose of harassment, we overrule issues
two, four, eight, and ten. 

We affirm the judgment of the trial court.   

 

 

/s/     
Margaret Garner Mirabal

Senior Justice

 

 

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 21, 2006.

Panel consists of
Chief Justice Hedges, Justice Seymore, and Senior Justice Mirabal.[3]

 

 

 














[1]  Although Hatton repeatedly claims the trial
court Aabused its discretion@ by granting Grigar=s summary
judgment and dismissing Hatton=s bill of
review, the summary judgment standard of review governs this appeal, rather
than the abuse of discretion standard traditionally governing grants or denials
of bills of review.  See, e.g., Clarendon Nat. Ins. Co. v.
Thompson, 199 S.W.3d 482, 487 (Tex. App.CHouston
[1st Dist.] 2006, no pet.) (applying traditional and no-evidence summary
judgment standards of review where party appealed from grant of summary
judgment denying its bill of review); D=Unger v. Woolsey, No. 13-04-110-CV, 2006 WL 871561, at *1 (Tex. App.CCorpus Christi Apr. 6, 2006, no pet.) (mem. op., not
designated for publication) (acknowledging that although grant of traditional
summary judgment in effect denied bill of review, standard of review for
traditional summary judgment applied rather than abuse of discretion standard
for bill of review).  





[2]  Hatton does not appear to specifically renew
this assertion on appeal, as he neither cites Peralta or Lopez nor
complains about the lack of findings of fact and conclusions of law in his
brief to this court.  However, he does generally claim in nine of his ten
issues that the trial court denied him due process and recites in issue three
the alleged fact that the court=s failure to
provide notice of the judgment precluded him from requesting the court to
reconsider its judgment.  Thus, in an abundance of caution, we address
Hatton=s due process arguments within the Peralta and Lopez
framework.  See generally Huckabee v. Time Warner Entm=t Co. L.P.,
19 S.W.3d 413, 434 (Tex. 2000); Hintz v. Lowe, No. 14‑03‑00979‑CV,
2004 WL 2359260, at *2 n.3 (Tex. App.CHouston
[14th Dist.] Oct. 21, 2004 2004, no pet.) (mem. op., not designated for
publication).    





[3]  Senior Justice Margaret Garner Mirabal sitting
by assignment.