

# NUMBER 13-10-00653-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

EARL R. JOY,                                          **APPELLANT,**

**v.**

CITY DEVELOPMENT CORPORATION
OF EL CAMPO, TEXAS,                                **APPELLEE.**

## On Appeal from the 23rd District Court
## of Wharton County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes**
**Memorandum Opinion Per Curiam**

Appellant, Earl R. Joy, attempted to perfect an appeal from a judgment entered by the 23rd District Court of Wharton County, Texas, in trial court cause number 42,333. We dismiss for want of jurisdiction.

Appellant was employed as the executive director of the City Development Corporation of El Campo, Inc. ("CDC"). Appellant resigned from this position and brought suit against the CDC and the City of El Campo for alleged age discrimination in trial court cause number 42,333. The CDC filed a traditional and no-evidence motion for summary judgment on all of appellant's claims, and the trial court granted that motion on February 18, 2010.

Appellant moved to sever the cause of action involving the CDC from his causes of action against the City of El Campo in order to finalize the judgment and proceed with an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The trial court signed the order of severance of on April 6, 2010, thereby severing appellant's causes of action against the CDC into trial court cause number 42,333A. More than seven months later, appellant filed a notice of appeal in the original cause number, 42,333, seeking to appeal as to the CDC only. *See* TEX. R. APP. P. 25.1(f) (allowing the correction of errors in a notice of appeal "at any time before the appellant's brief is filed").

On May 4, 2011, the CDC filed a motion to dismiss this appeal for lack of jurisdiction on grounds that the notice of appeal was due on May 6, 2010, the deadline to file a motion to extend the time to file the notice of appeal expired on May 21, 2010, and the notice of appeal, filed on November 30, 2010, was untimely. On May 16, 2011, appellant filed a response to the motion to dismiss, supported by affidavit, contending that he "did not receive and was not otherwise notified by the clerk of the court or by anyone" that the trial court had signed the order of severance on April 6, 2010. Appellant asserts that he "could not appeal a ruling of which he was not made aware." According to appellant, he has "only become aware of [the severance order] in the context of the

2

instant proceeding." On May 18, the CDC filed a reply to appellant's response further reiterating its position regarding the timeliness of the appeal.

Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The notice of appeal must be filed within thirty days after the judgment or other appealable order is signed when appellant has not filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusion of law. *See* TEX. R. APP. P. 26.1. Appellant's notice of appeal was not filed within this thirty-day period of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See id.* 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (1997) (construing the predecessor to rule 26.1). Appellant's notice of appeal was not filed within the fifteen-day period provided by Rule 26.3.

When a party adversely affected by the judgment does not receive notice within twenty days of judgment, the period for filing the appeal begins to run from the date the party received notice, provided no more than ninety days have elapsed since the signing of the judgment or other appealable order. *See* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a)(1). This rule expressly provides that "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." In the instant case, appellant contends that he did not receive notice of the severance order until more than a year after it was rendered. Accordingly, rule 306a(4) is inapplicable.

3

*See Levit v. Ad*ams, 850 S.W.2d 469, 470 (Tex. 1993); *Jon v. Stanley*, 150 S.W.3d 244, 248 (Tex. App.–Texarkana 2004, no pet.). Moreover, even if it were to apply, appellant did not follow the procedures required in Texas Rule of Civil Procedure 306a and Texas Rule of Appellate Procedure 4.2 to gain addition time to perfect his appeal. *See Mem'l Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam) (holding that compliance with the provisions of rule 306a is a jurisdictional prerequisite).

The Court, having examined and fully considered the motion to dismiss, the response, and the reply thereto, is of the opinion that the motion to dismiss should be granted. The CDC's motion to dismiss for lack of jurisdiction is GRANTED. The appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a). All other pending motions are likewise DISMISSED.


                                                                PER CURIAM

Delivered and filed the
7th day of July, 2011.


4