NUMBER
13-10-00653-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

EARL R. JOY,                                                                          APPELLANT,

 

                                                             v.

 

CITY DEVELOPMENT
CORPORATION 

OF EL CAMPO, TEXAS,                                                            APPELLEE.

____________________________________________________________

 

                           On
Appeal from the 23rd District Court 

                                      of
Wharton County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

                           Before
Justices Benavides, Vela, and Perkes

Memorandum Opinion
Per Curiam

 








Appellant,
Earl R. Joy, attempted to perfect an appeal from a judgment entered by the 23rd
District Court of Wharton County, Texas, in trial court cause number 42,333.  We
dismiss for want of jurisdiction.

 

Appellant
was employed as the executive director of the City Development Corporation of
El Campo, Inc. (“CDC”).  Appellant resigned from this position and brought suit
against the CDC and the City of El Campo for alleged age discrimination in
trial court cause number 42,333.  The CDC filed a traditional and no-evidence
motion for summary judgment on all of appellant’s claims, and the trial court
granted that motion on February 18, 2010.  

Appellant
moved to sever the cause of action involving the CDC from his causes of action
against the City of El Campo in order to finalize the judgment and proceed with
an appeal.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). 
The trial court signed the order of severance of on April 6, 2010, thereby
severing appellant’s causes of action against the CDC into trial court cause
number 42,333A.  More than seven months later, appellant filed a notice of
appeal in the original cause number, 42,333, seeking to appeal as to the CDC
only.  See Tex. R. App. P.
25.1(f) (allowing the correction of errors in a notice of appeal “at any time
before the appellant’s brief is filed”).

On
May 4, 2011, the CDC filed a motion to dismiss this appeal for lack of jurisdiction
on grounds that the notice of appeal was due on May 6, 2010, the deadline to
file a motion to extend the time to file the notice of appeal expired on May
21, 2010, and the notice of appeal, filed on November 30, 2010, was untimely. 
On May 16, 2011, appellant filed a response to the motion to dismiss, supported
by affidavit, contending that he “did not receive and was not otherwise
notified by the clerk of the court or by anyone” that the trial court had
signed the order of severance on April 6, 2010.  Appellant asserts that he
“could not appeal a ruling of which he was not made aware.”  According to
appellant, he has “only become aware of [the severance order] in the context of
the instant proceeding.”  On May 18, the CDC filed a reply to appellant’s
response further reiterating its position regarding the timeliness of the
appeal.  

Absent
a timely filed notice of appeal from a final judgment or recognized
interlocutory order, we do not have jurisdiction over an appeal.  See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  The notice of
appeal must be filed within thirty days after the judgment or other appealable
order is signed when appellant has not filed a timely motion for new trial,
motion to modify the judgment, motion to reinstate, or request for findings of
fact and conclusion of law.  See Tex.
R. App. P. 26.1.  Appellant’s notice of appeal was not filed within this
thirty-day period of time.  

A
motion for extension of time is necessarily implied when an appellant, acting
in good faith, files a notice of appeal beyond the time allowed by Rule 26.1,
but within the fifteen-day grace period provided by Rule 26.3 for filing a
motion for extension of time.  See id. 26.3; Verburgt v. Dorner,
959 S.W.2d 615, 617-18 (1997) (construing the predecessor to rule 26.1).  Appellant's
notice of appeal was not filed within the fifteen-day period provided by Rule
26.3.  

When
a party adversely affected by the judgment does not receive notice within
twenty days of judgment, the period for filing the appeal begins to run from
the date the party received notice, provided no more than ninety days have
elapsed since the signing of the judgment or other appealable order.  See
Tex. R. Civ. P. 306a(4); Tex. R. App. P. 4.2(a)(1).  This rule
expressly provides that "in no event shall such periods begin more than
ninety days after the original judgment or other appealable order was signed.” 
In the instant case, appellant contends that he did not receive notice of the
severance order until more than a year after it was rendered.  Accordingly,
rule 306a(4) is inapplicable.  See Levit v. Adams, 850 S.W.2d 469, 470
(Tex. 1993); Jon v. Stanley, 150 S.W.3d 244, 248 (Tex. App.–Texarkana
2004, no pet.).  Moreover, even if it were to apply, appellant did not follow
the procedures required in Texas Rule of Civil Procedure 306a and Texas Rule of
Appellate Procedure 4.2 to gain addition time to perfect his appeal.  See
Mem'l Hosp. v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam)
(holding that compliance with the provisions of rule 306a is a jurisdictional
prerequisite).  

The
Court, having examined and fully considered the motion to dismiss, the
response, and the reply thereto, is of the opinion that the motion to dismiss
should be granted.  The CDC’s motion to dismiss for lack of jurisdiction is
GRANTED.  The appeal is hereby DISMISSED FOR WANT OF JURISDICTION.  See Tex. R. App. P. 42.3(a).  All other
pending motions are likewise DISMISSED.

 

 

PER CURIAM

Delivered and filed the

7th day of July, 2011.