

NUMBER 13-11-00378-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

KENNETH HICKMAN-BEY,                                          APPELLANT,

v.

TEXAS BOARD OF CRIMINAL JUSTICE, ET AL.,          APPELLEES.

On Appeal from the 36th District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes**
**Memorandum Opinion Per Curiam**

Appellant, Kenneth Hickman-Bey, attempted to perfect an appeal from a judgment

entered by the 156th District Court of Bee County, Texas, in trial court cause number

B-10-1416-0-CV-A.   We dismiss for want of jurisdiction.

Judgment in this cause was signed on February 28, 2011. A motion for new trial was not filed. Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on March 30, 2011, but was not filed until June 10, 2011.

On June 13, 2011, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. In response, appellant has filed a motion for out of time appeal stating that he did not receive a copy of the February 28, 2011, judgment until June 6, 2011.

Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The notice of appeal must be filed within thirty days after the judgment or other appealable order is signed when appellant has not filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusion of law. *See* TEX. R. APP. P. 26.1. Appellant's notice of appeal was not filed within this thirty-day period of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See id.* 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (1997) (construing the predecessor to rule 26.1). Appellant's notice of appeal was not filed within the fifteen-day period provided by Rule 26.3.

When a party adversely affected by the judgment does not receive notice within

2

twenty days of judgment, the period for filing the appeal begins to run from the date the party received notice, provided no more than ninety days have elapsed since the signing of the judgment or other appealable order. *See* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a)(1). This rule expressly provides that "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." In the instant case, appellant contends that he did not receive notice of the judgment until June 6, 2011. Accordingly, rule 306a(4) is inapplicable. *See Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993); *Jon v. Stanley*, 150 S.W.3d 244, 248 (Tex. App.–Texarkana 2004, no pet.).

The Court, having examined and fully considered the appellant's motion for out of time appeal, is of the opinion that the motion should be DENIED. The appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a). All other pending motions are likewise DISMISSED.

PER CURIAM

Delivered and filed the
4th day of August, 2011.

3