NUMBER
13-11-00378-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

KENNETH HICKMAN-BEY,                                                     APPELLANT,

 

                                                             v.

 

TEXAS BOARD OF
CRIMINAL JUSTICE, ET AL.,                APPELLEES.

____________________________________________________________

 

                              On
Appeal from the 36th District Court 

                                           of
Bee County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

                           Before
Justices Benavides, Vela, and Perkes

Memorandum Opinion
Per Curiam

 








Appellant,
Kenneth Hickman-Bey, attempted to perfect an appeal from a judgment entered by
the 156th District Court of Bee County, Texas, in trial court cause number B-10-1416-0-CV-A. 
We dismiss for want of jurisdiction.

 

 

Judgment
in this cause was signed on February 28, 2011.  A motion for new trial was not
filed.  Pursuant to Texas Rule of Appellate Procedure 26.1, appellant’s notice
of appeal was due on March 30, 2011, but was not filed until June 10, 2011.   

On
June 13, 2011, the Clerk of this Court notified appellant of this defect so
that steps could be taken to correct the defect, if it could be done. Appellant
was advised that, if the defect was not corrected within ten days from the date
of receipt of this Court’s letter, the appeal would be dismissed.  In response,
appellant has filed a motion for out of time appeal stating that he did not
receive a copy of the February 28, 2011, judgment until June 6, 2011.

Absent
a timely filed notice of appeal from a final judgment or recognized
interlocutory order, we do not have jurisdiction over an appeal.  See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  The notice of
appeal must be filed within thirty days after the judgment or other appealable
order is signed when appellant has not filed a timely motion for new trial,
motion to modify the judgment, motion to reinstate, or request for findings of
fact and conclusion of law.  See Tex.
R. App. P. 26.1.  Appellant’s notice of appeal was not filed within this
thirty-day period of time.  

A
motion for extension of time is necessarily implied when an appellant, acting
in good faith, files a notice of appeal beyond the time allowed by Rule 26.1,
but within the fifteen-day grace period provided by Rule 26.3 for filing a
motion for extension of time.  See id. 26.3; Verburgt v. Dorner,
959 S.W.2d 615, 617-18 (1997) (construing the predecessor to rule 26.1).  Appellant's
notice of appeal was not filed within the fifteen-day period provided by Rule
26.3.  

When
a party adversely affected by the judgment does not receive notice within
twenty days of judgment, the period for filing the appeal begins to run from
the date the party received notice, provided no more than ninety days have
elapsed since the signing of the judgment or other appealable order.  See
Tex. R. Civ. P. 306a(4); Tex. R. App. P. 4.2(a)(1).  This rule
expressly provides that "in no event shall such periods begin more than
ninety days after the original judgment or other appealable order was signed.” 
In the instant case, appellant contends that he did not receive notice of the judgment
until June 6, 2011.  Accordingly, rule 306a(4) is inapplicable.  See Levit
v. Adams, 850 S.W.2d 469, 470 (Tex. 1993); Jon v. Stanley, 150 S.W.3d
244, 248 (Tex. App.–Texarkana 2004, no pet.).  

The
Court, having examined and fully considered the appellant’s motion for out of
time appeal, is of the opinion that the motion should be DENIED.  The appeal is
hereby DISMISSED FOR WANT OF JURISDICTION.  See Tex. R. App. P. 42.3(a).  All other pending motions are
likewise DISMISSED.

 

PER CURIAM

Delivered and filed the

4th day of August, 2011.