

NUMBER 13-15-00308-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DON RAY WHITE,                                                    Appellant,

v.

MARLA RAMIREZ,                                                    Appellee.

## On Appeal from the 53rd District Court
## of Travis County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion Per Curiam**

Appellant, Don Ray White, proceeding pro se, attempted to perfect an appeal from

a judgment entered by the 53rd District Court of Travis County, Texas, in trial court cause

number D-1-GN-13-002904.[1]   We dismiss the appeal for want of jurisdiction.

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46 2015 R.S.).

The trial court dismissed the underlying case for want of prosecution on April 21, 2015. Appellant filed his notice of appeal on June 2, 2015. On July 13, 2015, the Clerk of this Court gave appellant notice that it appeared that the appeal had not been timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant filed a response in which he appears to indicate that he did not receive timely notice of the trial court's judgment because he had been transferred between penal institutions.

Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The notice of appeal must be filed within thirty days after the judgment or other appealable order is signed when appellant has not filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusion of law. *See* TEX. R. APP. P. 26.1. Appellant's notice of appeal was not filed within this thirty-day period of time and the record before us does not include a motion for new trial or other post-judgment motion which would extend the time to file a notice of appeal.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See id.* 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to rule 26.1). Appellant's notice of appeal was not filed within the fifteen-day period provided by Rule 26.3.

When a party adversely affected by the judgment does not receive notice within

twenty days of judgment, the period for filing the appeal begins to run from the date the party received notice, provided no more than ninety days have elapsed since the signing of the judgment or other appealable order. *See* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a)(1). This rule expressly provides that it applies if notice is received after twenty days from the date that judgment was signed but not more than ninety days after the original judgment was signed. *See* TEX. R. CIV. P. 306a(4).

In the instant case, the date that appellant received notice of the trial court's judgment is not identified in the record. Accordingly, we are unable to ascertain whether rule 306a(4) is inapplicable. *See Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993); *Jon v. Stanley*, 150 S.W.3d 244, 248 (Tex. App.–Texarkana 2004, no pet.). Moreover, even if it were to apply, appellant did not follow the procedures required in Texas Rule of Civil Procedure 306a and Texas Rule of Appellate Procedure 4.2 to gain additional time to perfect his appeal. *See Mem'l Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam) (holding that compliance with the provisions of rule 306a is a jurisdictional prerequisite).

The Court, having examined and fully considered the documents on file and appellant's response to this Court's notice, is of the opinion that we lack jurisdiction over this appeal. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a). All pending motions, if any, are likewise DISMISSED.

PER CURIAM

Delivered and filed the
31st day of August, 2015.