

## NUMBER 13-20-00435-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**TIM JAMES MCMAHAN,**                                        **Appellant,**

**v.**

**BRENDAN W. GUY AND**
**STEPHEN TYLER,**                                        **Appellees.**

---

**On appeal from the 267th District Court
of Victoria County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellant, Tim James McHahan, attempted to perfect an appeal from an order

granting a plea to the jurisdiction entered by the 267th District Court of Victoria County,

Texas, in cause number 18-05-82631-C. We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

On June 16, 2020, the trial court signed a judgment granting the plea to the jurisdiction and dismissing the underlying cause. On October 21, 2020, appellant filed a notice of appeal. The Clerk of the Court notified appellant the appeal was not timely filed, and appellant responded that he never received the final judgment until, after many efforts, he received a courtesy copy of the order by email on September 17, 2020. Accordingly, on November 20, 2020, we abated the matter for the trial court to determine when appellant received the final order. *See* TEX. R. CIV. P. 306a(4). Upon review of the trial court's findings, we have determined appellant received notice of the final judgement on September 17, 2020.

## II. ANALYSIS

When a party adversely affected by the judgment does not receive notice within twenty days of judgment, the period for filing the appeal begins to run from the date the party received notice, provided no more than ninety days have elapsed since the signing of the judgment or other appealable order. *See* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a)(1). This rule expressly provides that "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." In the instant case, appellant contends that he did not receive notice of the final order until more than 90 days after it was rendered. Accordingly, rule 306a(4) is inapplicable. *See Levit v. Ad*ams, 850 S.W.2d 469, 470 (Tex. 1993); *Jon v. Stanley*, 150 S.W.3d 244, 248 (Tex. App.–Texarkana 2004, no pet.). Although the discussion during the trial court's hearing, and appellant's subsequent filings, proport to extend post-judgment deadlines, it

cannot alter the appellate deadlines. It is "well settled" that "appellate jurisdiction cannot be created by consent, stipulation of the parties, or waiver, either by the court or by the litigants." *Welder v. Fritz*, 750 S.W.2d 930, 932 (Tex. App.—Corpus Christi 1988, no writ); *see Stine v. State*, 908 S.W.2d 429 (Tex. 1995) ("It is . . . fundamental that the parties of a suit can neither confer nor waive jurisdiction by agreement or consent."); *Claxton v. (Upper) Lake Fork Water Control & Improvement Dist. No. 1*, 220 S.W.3d 537, 541–42 (Tex. App.—Texarkana 2007, pet. denied) ("Even if both parties agreed that a different date [for the final judgment] actually existed, we are constrained by the rules to determine our jurisdiction by reference to the date on which the judgment was signed.").

## III. CONCLUSION

The Court, having examined and fully considered the documents on file, and appellant's failure to timely perfect his appeal, is of the opinion the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a)(c).

JAIME TIJERINA
Justice

Delivered and filed on the
23rd day of September, 2021.