George LEVIT

v.

Kaylon ADAMS.

No. D–3201.

Supreme Court of Texas.

March 24, 1993.

Rehearing Overruled May 5, 1993.

David R. Richards, Frank T. Ivy, Austin, for petitioner.

Guy M. Hohmann, Austin, Lori A. Hood, Houston, Nicholas S. Bressi, Austin, for respondent.

PER CURIAM.

In this bill of review proceeding we are called upon to clarify the meaning and operation of Rule 306a(4) of the Texas Rules of Civil Procedure. The court of appeals affirmed a summary judgment against Petitioner George Levit on the ground that in the underlying suit he had failed to pursue a legal remedy available to him under Rule 306a(4): the filing of a motion to reinstate after he learned on the 91st day following dismissal that his case had been dismissed for want of prosecution. 841 S.W.2d 478. Because we conclude that such a motion would not have been timely under Rule 306a(4), and Levit therefore had no available legal remedy, we reverse.

After a dismissal for want of prosecution, a party may file a motion to reinstate "within 30 days after the order of dismissal is signed or within the period provided by Rule 306a." Tex.R.Civ.P. 165a(3). Rule 306a reaffirms that in the ordinary case the 30–day period for filing the reinstatement motion begins on the date the dismissal order is signed. Tex.R.Civ.P. 306a(1). However, paragraph (4) of the Rule provides an exception if the party does not receive notice or acquire actual knowledge of the dismissal within 20 days after the signing of the order. In that situation,

all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

■ There has been some disagreement over how Rule 306a(4) applies when the party learns of the judgment or dismissal between the 90th and 120th days. The court of appeals in this case concluded that when Levit learned of the dismissal on the 91st day, Rule 306a(4) gave him until the 120th day to file a reinstatement motion. 841 S.W.2d at 483. The court effectively interpreted the Rule to mean that when timely notice is not received, the 30–day period for seeking reinstatement begins when the party learns of the dismissal or 90 days after the dismissal is signed, whichever occurs first. At least two other courts of appeals have applied the Rule in the same manner. *See Looney v. Gibraltar Savings Association*, 695 S.W.2d 336, 340 (Tex.App.—Amarillo 1985, no writ); *Pope v. Moore*, 729 S.W.2d 125, 128 (Tex. App.—Dallas 1987, writ ref'd n.r.e.).

The opposing view, advanced by Levit, is that Rule 306a(4) directs that in no event can the 30–day period for filing a reinstatement motion begin if more than 90 days has passed since the signing of the dismissal order. *See* 841 S.W.2d at 487 (Mirabal, J., dissenting from overruling of motion for rehearing en banc). Although we are aware of no case in which the Rule has been directly so applied in a situation comparable to this one, this Court and several courts of appeals have discussed the Rule in a manner that supports this reading. *See Clements v. Barnes*, 834 S.W.2d 45, 46 n. 2 (Tex.1992) (per curiam) (special appearance made 118 days after a default judgment came after the trial court's plenary power to grant a new trial had lapsed under Rule 306a(4)); *Carrera v. Marsh*, 847 S.W.2d 337, 341 (Tex.App.—El Paso, 1993, orig. proceeding) (in order to establish the applicability of Rule 306a(4), a party must show receipt of notice within 90 days after the judgment was signed); *Alvarado v.*

*Magic Valley Electric Co–Op, Inc.*, 784 S.W.2d 729, 733 (Tex.App.—San Antonio 1990, writ denied) ("Clearly, Rule 306a applies only if notice or knowledge of the signing of the order is received within ninety days.").

The construction of the Rule advanced by Levit is correct. The Rule does not say that the 90th day itself can trigger the 30–day filing period. It says that the filing period commences when the party receives notice or acquires actual knowledge of the judgment or dismissal, and that in no event can the filing period commence more than 90 days after the signing of the judgment or order. The proper inference is the one drawn by the *Carrera* and *Alvarado* courts: notice received after the 90th day is simply not covered by the Rule.

Although at first glance this interpretation of the Rule may appear to be a harsher one for litigants seeking reinstatement, we believe it actually ensures greater fairness for such parties. Under Rules 165a(3) and 306a, a party who receives timely notice of a dismissal for want of prosecution typically has close to 30 days from the date of that notice to file a reinstatement motion, and in no event has less than 10 days. However, under the court of appeals' reading of Rule 306a(4), a party could learn of the dismissal on the 118th or 119th day and have only one or two days in which to seek reinstatement, with the possibility that the failure to file such a motion within that time would bar any subsequent challenge through bill of review. The reading we adopt today ensures that any party not receiving timely notice who will be expected to file a motion to reinstate to preserve his rights will have a full 30 days after notice in which to do so.

■ The actual knowledge acquired by Levit on the 91st day after dismissal did not suffice under Rule 306a(4) to restart the trial court's jurisdiction to entertain a motion to reinstate. Therefore, the lower courts erred in concluding that Levit had an available and adequate legal remedy.

Pursuant to Rule 170, Tex.R.App.P., without hearing oral argument, a majority

of this court grants the application for writ of error, reverses the judgment of the court of appeals, and remands the case to the trial court for further proceedings.

PHILLIPS, C.J., not sitting.