Opinion issued October 16, 2003










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00316-CV




MOORE LANDREY, L.L.P., Appellant

V.

HIRSCH & WESTHEIMER, P.C., STEPHEN P. GLOVER, AND GROVES
& GLOVER, L.L.P., Appellees




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 97-60795




O P I N I O N
          This is an attempted appeal from an attorney’s fees dispute in which appellant,
Moore Landrey, L.L.P., seeks to challenge summary judgments rendered in favor of
appellees, Hirsch & Westheimer, P.C. (Hirsch & Westheimer), Stephen P. Glover,
and Groves & Glover (collectively, Glover) on Moore Landrey’s claims for breach
of contract, negligent misrepresentation, fraudulent inducement, and claims alleging
a joint enterprise.


 In addition to defending the summary judgment rendered in its
favor, Hirsch & Westheimer alternatively challenges Moore Landrey’s right to
prosecute this appeal, on the grounds that the trial court no longer had plenary power
when it signed a rule 306a(4) order to establish the date on which Moore Landrey
received notice of the trial court’s final judgment.


 We sustain Hirsch and
Westheimer’s jurisdictional challenge and dismiss the appeal. 
Procedural Background
          After entering a series of interlocutory orders, the trial court signed a final
judgment on April 9, 2002. On May 28, 2002, the 49th day after that judgment,
Moore Landrey filed a notice of appeal.


 No party filed a motion for new trial or any
other rule 329b motion.


 
          On June 12, 2002, the 64th day after the April 9, 2002 judgment, Moore
Landrey filed a “Motion under Texas Rule of Procedure Rule 306a5 [sic].”


 The
motion was supported by Moore Landrey’s counsel’s affidavit, to which he had
attached a verified copy of a notice from the Harris County District Clerk, dated May
15, 2002, which reported that the trial court had signed an order granting summary
judgment on April 9, 2002. Moore Landrey’s motion and its counsel’s affidavit
asserted that the May 15, 2002 notice occurred more than 20 days after the April 9,
2002 order and was Moore Landrey’s and its counsel’s first notice that the April 9,
2002 order had been signed. The motion requested that, “Texas Rule of Civil
Procedure 306a 4 [sic] applies to the appellate deadlines in this case.” 
          But Moore Landrey did not file a notice of hearing on its rule 306a(5) motion
until December 9, 2002, almost six months after the motion was filed. The trial court
nevertheless heard and granted the motion seven days later, on December 16, 2002. 
The trial court’s order of December 16, 2002 recites that relief was granted after
considering the motion and the supporting affidavit and exhibit and decrees that, “the
Order entered by the Court on April 9, 2002, was received by [Moore Landrey] on
May 15, 2002.” Moore Landrey filed an amended notice of appeal on March 25,
2003.
 

Hirsch & Westheimer’s Jurisdictional Challenge
          Hirsch & Westheimer contends that Moore Landrey cannot prosecute this
appeal because the trial court’s plenary power over its April 9, 2002 judgment had
expired when it signed the December 16, 2002 order, and that the December 16, 2002
order is, therefore, void. Moore Landrey disputes Hirsch & Westheimer’s challenge
by arguing that nothing in rule 306a imposes a deadline, either to set a hearing on a
rule 306a(5) motion or to obtain a ruling. 
Plenary Power
          A trial court retains plenary power over a final judgment for at least 30 days
after signing that judgment. See Tex. R. Civ. P. 329b(d) (“[R]egardless of whether
an appeal has been perfected,” trial court retains “plenary power to grant a new trial
or to vacate, modify, correct, or reform the judgment within thirty days after the
judgment is signed.”). The date on which the trial court signs the judgment
“determine[s] the beginning of the periods . . . for the court’s plenary power.” Tex.
R. Civ. P. 306a(1). 
          Parties may extend this initial 30-day period of plenary power by timely filing,
within that 30-day period, a motion that seeks a substantive change in the judgment. 
Tex. R. Civ. P. 329b(a), (g); see Lane Bank Equip. Co. v. Smith Southern Equip., Inc.,
10 S.W.3d 309, 314 (Tex. 2002); In re T.G., 68 S.W.3d 171, 176 (Tex.
App.—Houston [1st Dist. 2002], pet. ref’d). Appropriate motions include a motion
for new trial or a motion to modify, correct, or reform the judgment. See Tex. R. Civ.
P.329b(g); Lane Bank Equip. Co., 10 S.W.3d at 310; In re T.G., 68 S.W.2d at 176. 
          Pursuant to subsections (g) and (h) of rule 329b, parties may extend the trial
court’s plenary power over its judgment and also extend the applicable appellate
timetables by timely filing a rule 329b motion or a motion that has the same effect as
a rule 329b motion. See Tex. R. Civ. P.329b(g), (h); Lane Bank Equip. Co., 10
S.W.3d at 310; In re T.G., 68 S.W.2d at 176; see also Tex. R. App. P. 26.1 (governing
time to perfect appeal in civil cases). 
          No postjudgment motion seeking a substantive change in the trial court’s April
9, 2002 judgment was filed within 30 days of the trial court’s signing that judgment. 
Therefore, under the timetable that controls in the absence of a postjudgment motion
seeking a substantive change in the judgment, the trial court lost plenary power over
the April 9, 2002 judgment on the 30th day after the trial court signed that judgment,
specifically, on May 9, 2002. 
Rule 306a(5) Motion for Additional Time to File Documents
          Because the date on which the trial court signs its final judgment starts the
deadlines imposed by rules 306a(1) and 329b(d) and (g), as well as the deadline to
perfect any appeal under rule 26.1 of the Rules of Appellate Procedure, subsection
(3) of rule 306a requires that trial-court clerks “immediately” notify the parties or
their attorneys of record that a judgment has been signed. See Tex. R. Civ. P.
306a(3); Tex. R. Civ. P. 306a(1), 329b(d), (g); Tex. R. App. P. 26.1. 
          When more than 20 days have passed between the date that the trial court signs
the judgment and the date that a party receives the clerk’s notice or acquires actual
knowledge that the judgment has been signed, subsection (4) of rule 306a creates an
exception from rule 306a(1)’s provision that the date of the judgment starts the
postjudgment timetables. John v. Marshall Health Servs., 58 S.W.3d 738, 740 (Tex.
2001); Tex. R. Civ. P. 306a(4). Subsection (5) of rule 306a provides a procedure that
enables the trial court to change the start date from the actual date of the judgment to
the date on which the party received the clerk’s notice or acquired actual knowledge
that the trial court signed the judgment, whichever occurs first, as long as that date
is not more than 90 days after the trial court signed the final judgment. Tex. R. Civ.
P. 306a(5); see John, 58 S.W.3d at 741; Levit v. Adams, 850 S.W.2d 469, 470 (Tex.
1993). A parallel provision of the Rules of Appellate Procedure affords additional
time for filing documents related to the appeal under the same time parameters and
in accordance with the procedures stated in rule 306a(5) of the Rules of Civil
Procedure. See Tex. R. App. P. 4.2(a)(1), (b), (c) (providing for additional time under
the appellate timetable to file appellate documents in accordance with procedures in
rule 306a(5)).
          Subsections (4) and (5) of rule 306a provide as follows:
4.No notice of judgment. If within twenty days after the judgment
or other appealable order is signed, a party adversely affected by it or his
attorney has neither received the notice required by paragraph (3) of this
rule nor acquired actual knowledge of the order, then with respect to that
party all the periods mentioned in paragraph (1) shall begin on the date
that such party or his attorney received such notice or acquired actual
knowledge of the signing, whichever occurred first, but in no event shall
such periods begin more than ninety days after the original judgment or
other appealable order was signed.
 
5.Motion, notice and hearing. In order to establish the
application of paragraph (4) of this rule, the party adversely affected is
required to prove in the trial court, on sworn motion and notice, the date
on which the party or his attorney first either received a notice of the
judgment or acquired actual knowledge of the signing and that this date
was more than twenty days after the judgment was signed.

Tex. R. Civ. P. 306a(4)-(5). After conducting the hearing contemplated by rule
306a(5), the trial court “must sign a written order that finds the date when the party
or the party’s attorney first received notice or acquired actual knowledge that the
judgment or order was signed.” Tex. R. App. P. 4.2(c); see Cantu v. Longoria, 878
S.W.2d 131, 132 (Tex. 1994) (conditionally granting mandamus relief based on trial
court’s failure to rule on motion seeking determining date of notice of judgment;
decided under former rule 5(b)(5)). The requirements of rule 306a(5) are
jurisdictional. Mem’l Hosp. v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987); Grondona
v. Sutton, 991 S.W.2d 90, 92 (Tex. App.—Austin 1998, pet. denied). 
Moore Landrey Timely Reinvoked Trial Court’s Plenary Power
A.      Rule 306a(5)’s Procedural Requirements Met
          Moore Landrey’s motion requested relief in accordance with rule 306a(4) and
provided sworn proof that Moore Landrey’s and its counsel’s first notice of the April
9, 2002 judgment occurred on May 15, 2002. Rule 306a(5) requires notice, but
nothing in the record before us indicates either that any party disputed notice or that
any party opposed Moore Landrey’s motion. Based on the record before us, we hold
that Moore Landrey’s motion complied with the formal requirements of rule 306a(5)
by presenting a prima-facie case demonstrating lack of notice of the April 9, 2002
judgment until May 15, 2002. Having presented a prima-facie case, Moore Landrey
reinvoked the trial court’s plenary power for purposes of determining the date of
notice of the judgment, provided that the motion was timely filed. See John, 58
S.W.3d at 741; Levit, 850 S.W.2d at 470; Gillis, 741 S.W.2d at 365; Grondona, 991
S.W.2d at 92. 
B.      Plenary Power Timely Reinvoked
          We further hold that Moore Landrey timely filed its rule 306a(5) motion. 
Although rule 306a(5) does not impose an express time limit for filing, the supreme
court has clarified that a rule 306a(5) motion may be filed at any time within the trial
court’s plenary power “measured from the date determined under rule 306a(4).” See
John, 58 S.W.3d at 741 (disapproving of cases holding that rule 306a(5) motion must
be filed within 30 days of party’s or party’s attorney’s acquiring notice of signing of
judgment). 
          Based on the prima-facie showing that Moore Landrey did not receive notice
of the judgment until May 15, 2002, the trial court’s plenary power recommenced on
that date. See John, 58 S.W.2d at 741; Grondona, 991 S.W.2d at 92. Once
reinvoked, the trial court’s plenary power lasted at least 30 days under the usual rules,
see Tex. R. Civ. P. 329b(d), unless extended by an appropriate motion that extended
the initial 30-day period. See Tex. R. Civ. P. 329b(a), (g); see also John, 58 S.W.3d
at 741 (recognizing extension of plenary power accomplished by motion for new trial
in holding that rule 306a(5) motion timely filed); Grondona, 991 S.W.2d at 92
(same). 
          Moore Landrey filed its rule 306a(5) motion on June 12, 2002. As measured
from the undisputed, May 15, 2002 date of first notice, June 12, 2002 was the 28th
day of the trial court’s reinvoked plenary power. Moore Landrey’s motion was timely
filed because it was filed within the period of the trial court’s reinvoked plenary
power. See John, 58 S.W.2d at 741. For the same reason, Moore Landrey timely
filed its notice of appeal on May 28, 2002, the 13th day of the period of the trial
court’s reinvoked plenary power. 
Trial Court’s Plenary Power Expired on June 14, 2002
          In John, the supreme court addressed only the filing deadline that controls rule
306a(4) motions. Id. at 741. Because an extended plenary-power timetable applied
in that case, by virtue of an appropriate postjudgment motion, specifically, a motion
for new trial, there was no need to address the deadlines that determine the trial
court’s authority to rule on the motion, which is the issue raised here. See id. 
          As addressed above, the prima-facie showing established by Moore Landrey’s
rule 306a(5) motion timely reinvoked the trial court’s plenary power to determine that
Moore Landrey or its counsel first acquired notice of the April 9, 2002 judgment on
May 15, 2002. The trial court’s reinvoked plenary power thus began on that date. 
See John, 58 S.W.2d at 741. Moore Landrey’s rule 306a(4) motion, however, was the
only matter pending resolution before the trial court. No party ever filed a motion
seeking a substantive change in the trial court’s final summary judgment that might
have extended the trial court’s plenary power over that judgment. A proper rule
306a(5) motion, if timely filed, merely restarts the postjudgment timetable. See John,
58 S.W.2d at 741; Gillis, 741 S.W.2d at 365; Grondona, 991 S.W.2d at 92. A rule
306a(4) motion does not extend the trial court’s plenary power beyond the time
periods defined by rules 306a(1) and 329b(d): as addressed above, the trial court’s
plenary power can be extended beyond that initial 30-day period solely by an
appropriate motion that seeks a substantive change in the judgment. See Tex. R. Civ.
P. 329b(a), (g); Lane Bank Equip. Co., 10 S.W.3d at 314; In re T.G., 68 S.W.3d at
176; see also John, 58 S.W.3d at 741 (recognizing extension of plenary power
accomplished by motion for new trial); Grondona, 991 S.W.2d at 92 (same).           Despite having been reinvoked to determine Moore Landrey’s rule 306a(4)
motion, therefore, and despite the lack of a stated deadline for determination of a rule
306a(4) motion in the rule itself, the trial court’s plenary power did not extend
beyond the 30-day period of plenary power that controls when no party has filed an
appropriate motion to extend the postjudgment period of plenary power. 
          Accordingly, although Moore Landrey timely reinvoked the trial court’s
plenary power by an undisputed, prima-facie showing of lack of notice of the April
9, 2002 judgment until May 15, 2002, the usual, 30-day postjudgment period of
plenary power applied to this case. Compare John, 58 S.W.3d at 741 (noting
extended period of plenary power). As measured from May 15, 2002, the trial court’s
plenary power over the April 9, 2002 judgment expired on the 30th day after May 15,
2002, specifically, on June 14, 2002. In order to benefit from rule 306a(4) and (5),
therefore, Moore Landrey not only had to file its rule 306a(5) motion by June 14,
2002, which it did, but also had to obtain a ruling on its motion by June 14, 2002,
which it did not.


 See Cantu, 878 S.W.2d at 132 (noting, in context of conditional
grant of mandamus relief, that failure to obtain rule 306a(4) finding would preclude
appeal). As addressed above, Moore Landrey did not file a notice of hearing on its
rule 306a(5) motion until December 9, 2002 and did not obtain a ruling on the motion
until December 16, 2002, over six months after the trial court’s plenary power
expired. 
          Moore Landrey disagrees that the trial court’s plenary power expired on June
14, 2002 and contends that the trial court properly ruled on the motion over six
months later. Moore Landrey first contends that a rule 306a(5) motion is similar to
a motion to correct a judgment under rule 316 of the Rules of Civil Procedure, which
a trial court may properly grant after its plenary power has expired. See Tex. R. Civ.
P. 316 (authorizing trial court to correct clerical mistakes in judgment record); see
also Tex. R. Civ. P. 306a(6) (stating that date of corrected judgment controls
postjudgment deadlines when trial court signs corrected, “nunc pro tunc” judgment
after plenary power has expired). 
          We reject Moore Landrey’s reliance on rule 316 and conclude that the rule does
not apply. A trial court does not correct a judgment in any respect by granting relief
under rule 306a(4) and (5). Moreover, the trial court here did not sign a corrected
judgment. As addressed above, the relief contemplated by rule 306a(4) and (5) is to
restart the postjudgment timetable at the date of notice. In addition, rules 316 and
306a(6) do not apply because Moore Landrey’s complaints on appeal challenge the
original judgment, signed on April 9, 2002 and do not address a corrected judgment. 
See Tex. R. Civ. P. 306a(6) (stating that postjudgment periods under rule 306a(1)
“run from the date of the corrected judgment with respect to any complaint that would
not be applicable to the original document.”) (emphasis added.); see also Tex. R. App.
P. 4.3(b) (same). 
          In defending its premise that the trial court essentially retained unlimited
plenary power to adjudicate rule 306a(4) issues, Moore Landrey relies on a recent
memorandum opinion issued by the San Antonio Court of Appeals. See Vaughn v.
Sawyer, No. 04-03-00297-CV (Tex. App.—San Antonio, June 11, 2002, no pet.) (not
designated for publication). We first note that Vaughn differs from this case because
the trial court had never ruled on the appealing party’s rule 306a(4) motion. Slip op.
at 2. Although the court of appeals noted, in dicta, that an order of abatement could
issue to require the trial court to hold a hearing to rule on a rule 306a(4) motion, that
process would have served no purpose because, even after using the appellant’s date
of receipt of notice, the notice of appeal was not timely filed. See id. Our sister court
thus recognizes, as we recognize here, that rule 306a(4) motions remain subject to the
usual timetables. See id. Although we further acknowledge that mandamus has
conditionally issued to require a trial court to conduct a rule 306a(4) hearing and
enter a finding of the date of actual notice, see Cantu, 878 S.W.2d at 132, neither is
mandated here. Both occurred here, albeit tardily. 
          We likewise reject Moore Landrey’s contention that its timely notice of appeal
empowered the trial court to rule on December 19, 2002. Nothing in the Rules of
Civil or Appellate Procedure authorize this result, which would, we further note,
negate the well-settled principles that we have outlined above. Indeed, Moore
Landrey’s contention conflicts with both procedural rules, which limit the starting
date for the trial court’s reinvoked plenary power to no more than 90 days after the
challenged judgment. See Tex. R. Civ. P. 306a(4); Tex. R. App. P. 4.5(b); see also
Levit, 850 S.W.2d at 470 (holding that trial court had no authority to grant rule
306a(4) motion alleging notice of judgment on 91st day following judgment). 
December 16, 2002 Order Void
          Judicial action taken after the trial court’s plenary power has expired is void
and a nullity. In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998); In re T.G., 68
S.W.3d at 177. Because the trial court’s plenary power, as reinvoked by Moore
Landrey’s rule 306a(4) motion, had expired when the trial court signed the December
16, 2002 order, that order is void and had no effect. See In re Dickason, 987 S.W.2d
570, 571 (Tex. 1998); In re T.G., 68 S.W.3d at 177. Parties affected by a void order,
here Hirsch & Westheimer and Glover, need not appeal to set the void order aside. 
See State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995); In re T.G., 68
S.W.3d at 178. But because Moore Landrey has attempted to appeal, we are
authorized to declare void the order signed by the trial court on December 16, 2002. 
See State ex rel. Latty, 907 S.W.2d at 486; In re T.G., 68 S.W.3d at 178. 
Accordingly, we declare the trial court’s post-plenary-power order of December 16,
2002 void and dismiss Moore Landrey’s appeal. State ex rel. Latty, 907 S.W.2d at
486; In re T.G., 68 S.W.3d at 178.
Conclusion
          We declare the trial court’s December 16, 2002 order void and dismiss the
appeal for want of jurisdiction.



 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.