In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00078-CV
______________________________


CHRIS WARD, Appellant
 
V.
 
ROBERT G. PARHAM, M.D., GEORGE R. HUNTER, M.D.,
AND UROLOGY ASSOCIATES, Appellees


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 05C1104-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Chris Ward appeals from the dismissal of his lawsuit against Robert G. Parham,
M.D., George R. Hunter, M.D., and Urology Associates. The order dismissing the cause,
with prejudice, was signed by the trial court December 6, 2005. On March 22, 2006, Ward
filed a motion for a nunc pro tunc order to correct a clerical mistake in the dismissal: that
he did not intend to dismiss all parties, but only one of the defendants. On April 3, Ward
filed a motion referencing Rule 306a, subd. 4, of the Texas Rules of Civil Procedure in
which he asked the court to modify the order dated December 6, 2005. See Tex. R. Civ.
P. 306a, subd. 4. The trial court denied both motions in separate orders, both dated
June 20, 2006. Ward filed a notice of appeal specifically stating that it was from the
June 20 order denying his motion pursuant to Rule 306a, subd. 4.
          Rule 306a, subd. 4 does not provide a separately appealable order or judgment. 
Rather, it provides a method to create a new beginning point for calculating appellate
timetables in situations where, at some point between twenty and ninety days after the
judgment is signed, a party who has not received notice obtains actual knowledge of the
signing of the judgment. 
          When a party obtains actual knowledge within ninety days, and so proves to the trial
court, the appellate timetable begins on the date proven, and the party may file motions
and an appeal under that timetable. 
          If, however, the party does not receive notice or acquire actual knowledge of the
judgment within twenty days of the date the judgment is signed, Rule 306a, subd. 4
provides that the thirty-day period for filing a notice of appeal shall begin to run on the date
the party actually acquires notice or actual knowledge of the judgment, but in no event can
the thirty-day period begin after more than ninety days have passed since the judgment
was signed. See Levit v. Adams, 850 S.W.2d 469, 469–70 (Tex. 1993). 
          The order pursuant to Rule 306a, subd. 4 is not one that is separately appealable. 
It determines when an appeal from the underlying judgment is timely. If we read Ward's
notice of appeal on its face as written, it limits his appeal only to the order overruling his
motion to restart the timetables pursuant to Rule 306a, subd. 4. If limited to that reading,
no appeal is possible, and we have no jurisdiction to consider any matter that Ward might
attempt to raise from that order.



          However, even if we assume that Ward were to properly amend his notice of appeal
to appeal from the judgment, a direct appeal is not possible. The judgment was signed
December 6, 2005. Assuming that, as he pleads, he received actual notice March 3, 2006,
his appellate timetable began to run on that date. Further, assuming (to provide the
maximum length of time possible) that either his motion filed March 22, 2006, or his motion
filed April 3, 2006, served as a motion for new trial and extended the appellate timetable,
Ward had ninety days from March 3, 2006, in which to file a notice of appeal from the
judgment.


 That time expired June 1, 2006. Further postulating that Ward might have filed
a motion to extend time, the rules provide a fifteen-day window for such a late filing, which
would extend the timetable only to June 16, 2006.



          The notice of appeal was filed July 19, 2006. It is untimely, even under the most
lenient factual scenario. In the absence of a timely notice of appeal, we have no
jurisdiction over the case.
          We dismiss the appeal.
 

                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      August 10, 2006
Date Decided:         August 11, 2006