

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-14-00066-CV

J.E.E.                                                                                                   APPELLANT

V.

G.C.E.                                                                                                   APPELLEE

----------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant J.E.E. attempts to appeal from the trial court's October 15, 2013 "Final Order on May 9, 2013 and September 23, 2013 Hearing." We dismiss because we lack jurisdiction. *See* Tex. R. App. P. 43.2(f).

Because appellant did not file a postjudgment motion to extend the appellate deadline, her notice of appeal was due on November 14, 2013. *See*

---

[1]*See* Tex. R. App. P. 47.4.

Tex. R. App. P. 4.1(a), 26.1.  On February 26, 2014, in this court, appellant filed a notice of appeal and a motion to extend the time to file the notice of appeal. She recognized that the trial court had entered an order on October 15, 2013 and that her deadline for filing a notice of appeal was November 14, 2013.  She contended, however, that she had never received a copy of the order, and she argued that her time for filing a notice of appeal should be extended under rule of civil procedure 306a(4).  *See* Tex. R. Civ. P. 306a(4); *see also* Tex. R. App. P. 4.2(a)(1).  Appellant contended that she first received notice of the order's entry on February 12, 2014.  In the trial court, appellant also filed a sworn motion in which she contended that she had first received notice of the entry (but not the contents) of the order on February 12, 2014.

On March 10, 2014, we sent a letter to appellant to express our concern that we lack jurisdiction over this appeal because the notice of appeal was not timely filed.  We stated that unless appellant filed a response showing grounds for continuing the appeal, we would dismiss it for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f), 44.3.  Appellant responded to our letter, but the response does not show grounds for continuing the appeal under the rules of appellate procedure, by which we are constrained.

Appellant argues that the operation of rule of civil procedure 306a(4) makes her notice of appeal timely.  *See* Tex. R. Civ. P. 306a(4).  That rule states,

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received . . . notice . . . nor acquired actual knowledge of the order,

2

> then with respect to that party all [postjudgment timetables] shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

*Id.*; *see also* Tex. R. App. P. 4.2(a)(1) (applying rule 306a(4)'s standards to appellate deadlines). Neither rule of civil procedure 306a(4) nor rule of appellate procedure 4.2(a)(1) helps appellant, however, because she concedes that she received actual notice of the order on February 12, 2014, which was more than ninety days after the order was signed. *See* Tex. R. Civ. P. 306a(4); Tex. R. App. P. 4.2(a)(1); *In re S.J.R.*, No. 02-04-00224-CV, 2004 WL 1909293, at *1 (Tex. App.—Fort Worth Aug. 26, 2004, no pet.) (mem. op.) ("Under both rules, if a party receives notice of a judgment . . . more than twenty days, *but less than ninety days*, after it is signed, any time periods that normally run from the signing of the judgment . . . will instead run from the date that the party received notice . . . .") (emphasis added); *see also In re Lynd Co.*, 195 S.W.3d 682, 684 n.2 (Tex. 2006) (orig. proceeding) ("Rule 306a(4) does not apply and cannot serve to extend a trial court's plenary power when a party learns of final judgment more than ninety days after it is signed."); *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993) (explaining that "notice received after the 90th day is simply not covered by [rule 306a(4)]").

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or an extension request, we must dismiss

the appeal.  *See* Tex. R. App. P. 25.1(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that once an extension period has passed, a party can no longer invoke an appellate court's jurisdiction).  Appellant's notice of appeal was not timely.  *See* Tex. R. App. P. 26.1.  We cannot suspend operation of the appellate rules to alter the time for perfecting an appeal in a civil case.  Tex. R. App. P. 2.  Accordingly, we deny appellant's motion to extend the time to file her notice of appeal, and we dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f); *see also In re J.A.T.*, No. 04-12-00183-CV, 2012 WL 3732824, at *1 (Tex. App.—San Antonio Aug. 29, 2012, pet. denied) (mem. op.) (dismissing an appeal for want of jurisdiction after stating that the extended time period for perfecting an appeal contemplated by rule of civil procedure 306a(4) and rule of appellate procedure 4.2(a) does not apply when an appellant received notice of the judgment more than ninety days after it was signed).

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  April 17, 2014

4