

# Fourth Court of Appeals
## San Antonio, Texas

March 6, 2015

No. 04-14-00786-CV

**ESTATE OF MARY LUELLA CLAYTON HARDIE**, Deceased,

From the Probate Court No 2, Bexar County, Texas
Trial Court No. 2008-PC-2790
Honorable Tom Rickhoff, Judge Presiding

## O R D E R

Appellant attempts to appeal from a judgment signed April 14, 2014. The notice of appeal was filed on October 28, 2014. Appellant claims that the notice of appeal is timely because he did not receive notice of the final judgment until July 20, 2014.

On December 3, 2014, appellee filed a Motion to Dismiss Appeal arguing that appellant cannot rely on Rule 306a(4) because he received notice of the judgment 97 days after it was signed, and the rule expressly provides that the time period for discovery of a final judgment cannot extend beyond 90 days. TEX. R. CIV. P. 306a(4); *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993). On December 23, 2014, appellant filed a response to the motion to dismiss. On December 30, 2014, appellee filed a reply, and an amended reply on January 5, 2015. The clerk's record was filed on January 16, 2015.

On February 2, 2015, we issued a show cause order providing:

The Court agrees that appellant received notice of the signing of the final judgment outside of the 90-day time period prescribed by Rule 306a(4), and that appellant cannot rely on Rule 306a(4) to extend the time period for filing the notice of appeal. *See* TEX. R. CIV. P. 306a(4); *Levit,* 850 S.W.2d at 470.

The Court, however, has not determined whether appellant's notice of appeal may be construed as a notice of restricted appeal under Rule 30. *See* TEX. R. APP. P. 30. Accordingly, appellant is ORDERED to show cause in writing showing that this court has jurisdiction to retain this appeal on its docket as a restricted appeal under Rule 30. *See id.* Any response to this order must specifically address whether appellant participated in the hearing that resulted in the judgment complained of. The response must be filed within fifteen days of the date of this order. *See* TEX. R. APP. P. 42.3(a), (c).

The next day, on February 3, 2015, appellant filed a notice of substitution of counsel.

On March 4, 2015, appellant filed a "Motion to Extend Time to Respond to Appellee's Motion to Dismiss Appeal." On March 5, 2015, appellee filed its "Objection and Opposition to Appellant's Motion for Extension of Time 'To Respond to Motion to Dismiss Appeal,'" arguing that appellant has already filed a response to appellant's motion to dismiss and should not be allowed to do so at this late date.

**Appellant's motion is GRANTED IN PART. Appellant is ORDERED to file a response to the court's February 2, 2015 SHOW CAUSE ORDER within seven days from the date of this order. No further extensions of time will be considered.** The clerk of this court is ORDERED to send appellant's counsel a copy of the court's February 2, 2015 show cause order. If appellant does not timely show cause why this court has jurisdiction over this appeal, the appeal will be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

All appellate deadlines are SUSPENDED pending our determination of whether we have jurisdiction over this appeal.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of March, 2015.

_____
Keith E. Hottle
Clerk of Court