

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00786-CV

**IN THE ESTATE OF LUELLA C. HARDIE**, Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2008-PC-2790
Honorable Tom Rickhoff, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  March 25, 2015

DISMISSED FOR LACK OF JURISDICTION

Appellant Don C. Reser attempts to appeal from a final judgment signed on April 14, 2014. The notice of appeal, however, was not filed until October 28, 2014, well after the prescribed time limit for perfecting appeal. *See* TEX. R. APP. P. 26.1. "[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26); *In re Estate of Padilla*, 103 S.W.3d 563, 567 (Tex. App.—San Antonio 2003, no pet.). Appellant claims, however, that the notice of appeal is timely because he did not receive notice of the final judgment until July 20, 2014.

On December 3, 2014, appellee filed a Motion to Dismiss Appeal arguing that appellant cannot rely on Rule 306a(4) because he received notice of the judgment 97 days after it was signed,

and the rule expressly provides that the time period for discovery of a final judgment cannot extend beyond 90 days. TEX. R. CIV. P. 306a(4); *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993). After considering the motion to dismiss, as well as appellant's response and appellee's reply, we issued an order in which we agreed that appellant received notice of the signing of the final judgment outside of the 90-day time period prescribed by Rule 306a(4), and that therefore appellant cannot rely on Rule 306a(4) to extend the time period for filing the notice of appeal. *See* TEX. R. CIV. P. 306a(4); *Levit*, 850 S.W.2d at 470. We then directed appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction; specifically, we ordered appellant to address whether this court has jurisdiction to retain this appeal on our docket as a restricted appeal under Rule 30. *See* TEX. R. APP. P. 30.

To be successful in a restricted appeal, a notice of restricted appeal must be filed 1) within six months after the judgment is signed; 2) by a party to the lawsuit; 3) who did not participate in the hearing that resulted in the judgment complained of; 4) who did not file a timely post-judgment motion or request for findings of fact and conclusions of law; and 5) error must be apparent on the face of the record. *See id.*; *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

Appellant filed a response in which he "stipulates that he was present and represented by counsel" at the July 12, 2013 hearing which preceded the April 14, 2014 final judgment at issue. Not only was counsel present, but during the hearing he "attempted to raise the issues outlined in his Response to Appellee's Motion to Enter Judgment" [on Appellee's Motion for Traditional and No Evidence Summary Judgment]. Thus, appellant must concede that he participated in the hearing that resulted in the judgment complained of. Given his participation, we cannot conclude that he has met the requirements for a restricted appeal. *See* TEX. R. APP. P. 30. Accordingly, appellant's notice of appeal is untimely, and we must dismiss this appeal for want of jurisdiction.

*See* TEX. R. APP. P. 42.3(a); *see also Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied) (stating requirements for restricted appeal "are jurisdictional"). Appellee's motion to dismiss appeal is hereby granted.

PER CURIAM