**Conditionally Grant and Opinion Filed April 15, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00362-CV

### IN RE INTEGRAS CAPITAL RECOVERY LLC, Relator

**Original Proceeding from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-07958**

## MEMORANDUM OPINION
Before Justices Bridges, Stoddart, and Schenck
Opinion by Justice Bridges

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to vacate its order reinstating the case after rendition of a default judgment. The default judgment in the case was signed on November 17, 2014. On March 4, 2015, 107 days after the judgment was signed, real party in interest filed a motion in the trial court pursuant to rule 306a(5) of the Texas Rules of Civil Procedure to establish that he had not received notice of the judgment within twenty days of the signing of the judgment. He alleged in his motion he first learned of the judgment on February 23, 2015, the ninety-eighth day after rendition of judgment. Although real party in interest swore in his verified motion in the trial court that he was not aware of the judgment until the ninety-eighth day after it was signed, his motion sought to have the post-trial and appellate deadlines run from the ninetieth day after the judgment was signed. On March 19, 2015, trial court granted the motion and vacated the default judgment.

Absent a timely filed motion for a new trial, or a motion to vacate, modify, correct or reform a judgment, the trial court loses its plenary power over its judgment thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d). An exception to the 30 day rule exists when a party fails to receive notice within 20 days of the signing of the judgment as required by rule 306a(3).[1] In such a situation, the appellate timetables will begin to run from the date the party or the party's attorney receives notice from the clerk of the court or acquires actual notice of the judgment. TEX. R. CIV. P. 306a(4). In "no event," however, may the running of the timetables begin more than 90 days after the signing of the original judgment. *Id.*

The requirements of rule 306a(4) are jurisdictional. *Mem'l Hosp. of Galveston County v. Gillis*, 741 S.W.2d 364, 366 (Tex. 1987) ("Since Gillis did not establish the applicability of Rule 306a(4) in the trial court in the manner prescribed by the rule, the trial court was without jurisdiction to reinstate her cause upon a motion filed forty days after dismissal."). A sworn motion that establishes a prima facie case that the party lacked notice within the period established by rule 306a(4) reinvokes a trial court's jurisdiction "for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *In re Lynd Co.,* 195 S.W.3d 682, 684 n.2 (Tex. 2006) (orig. proceeding); *Florance v. State*, 352 S.W.3d 867, 872 (Tex. App.—Dallas 2011, no pet.). Unless a party establishes, in the manner prescribed by Rule 306a(5), on sworn motion, that he had no notice or knowledge of the judgment within the period covered by rule 306a, the general rule prevails: a trial court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment expires 30 days after entry of judgment. *Gillis*, 741 S.W.2d at 365.

---

[1] While rule 306a(3) of the rules of civil procedure requires the clerk of the court to give notice of final judgments and other appealable orders by first class mail to all parties or their attorneys of record, the failure of the clerk to give notice does not impair the finality of the judgment or otherwise render it void. *See Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633 (Tex. 1974).

Real party in interest argues that the rules do not set a deadline for filing a motion under rule 306a(5) and "so long as the facts and timing of Rule 306a(5) are satisfied, then the Court can, and should, entertain any motion filed by an aggrieved party within thirty (30) days of the 90th day after the judgment was signed." The supreme court has concluded that no deadline can be imposed for filing a rule 306a(5) motion other than the deadline of the expiration of the trial court's jurisdiction. *See John v. Marshall Health Services, Inc.*, 58 S.W.3d 738, 741 (Tex. 2001). Thus, a rule 306a motion must simply be filed before the trial court's plenary power— measured from the date of notice established under Rule 306a(4)—expires. *In re Lynd Co.*, 195 S.W.3d at 685.

But the supreme court has also concluded a party who does not have actual knowledge of an order of dismissal within 90 days of the date it is signed cannot move for reinstatement, however. *Estate of Howley By & Through Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding). The supreme court has explained:

> There has been some disagreement over how Rule 306a(4) applies when the party learns of the judgment or dismissal between the 90th and 120th days. The court of appeals in this case concluded that when Levit learned of the dismissal on the 91st day, Rule 306a(4) gave him until the 120th day to file a reinstatement motion. . . .
>
> The opposing view, advanced by Levit, is that Rule 306a(4) directs that in no event can the 30–day period for filing a reinstatement motion begin if more than 90 days has passed since the signing of the dismissal order. . . .
>
> The construction of the Rule advanced by Levit is correct. The Rule does not say that the 90th day itself can trigger the 30–day filing period. It says that the filing period commences when the party receives notice or acquires actual knowledge of the judgment or dismissal, and that in no event can the filing period commence more than 90 days after the signing of the judgment or order. . . . [N]otice received after the 90th day is simply not covered by the Rule.

*Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993). Although real party in interest contends that the supreme court disavowed this and similar holdings in *John*, the supreme court has subsequently cited *Levit* with approval explaining that, "Rule 306a(4) does not apply and cannot

serve to extend a trial court's plenary power when a party learns of final judgment more than ninety days after it is signed." *In re Lynd Co.*, 195 S.W.3d 682, 685 n.2 (Tex. 2006).

For that reason, we have concluded that if a party acquires notice of the judgment more than ninety days after it was signed, the post-judgment deadlines cannot be extended under rule 306a(4). *Brown v. Ogbolu*, 331 S.W.3d 530, 533 (Tex. App.—Dallas 2011, no pet.) (citing *Levit,* 850 S.W.2d at 470). Notice received more than ninety days from when a judgment is signed "is simply not covered" by rule 306a. *Florance,* 352 S.W.3d at 873 (quoting *Levit,* 850 S.W.2d at 470). As a result, knowledge acquired after the ninety-first day cannot suffice to restart the trial court's jurisdiction. *Id.*

Because in this case the verified motion established on its face that the real party in interest first became aware of the judgment on the ninety-eighth day after the judgment was signed, the motion did not suffice to establish a prima facie case for reopening the trial court's jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the real party in interest or his counsel first received notice or acquired knowledge of the judgment. As a result, the trial court's order vacating its judgment was signed while the trial court lacked plenary power and is void. *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998). For that reason, it is an appropriate subject for mandamus relief. *Id.; see also Howley,* 878 S.W.2d at 140 (when a trial court erroneously reinstates a case pursuant to rule 306a after the expiration of the court's plenary jurisdiction, mandamus will issue).

We conditionally grant the writ of mandamus. The writ will issue only if the trial court fails to vacate its March 19, 2015 "Order on Defendant's Motion to Vacate Judgment."


150362F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE