

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00217-CV

Mohamad **NAWAR**, M.D.,
Appellant

v.

Jennifer June **THOMPSON,**
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 32081
Honorable Enrique Fernandez, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
             Karen Angelini, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  August 2, 2017

DISMISSED FOR LACK OF JURISDICTION

Mohamad Nawar, M.D., attempts to appeal an order denying his plea to the jurisdiction.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2016). Because we conclude

that Nawar's notice of appeal was untimely, we dismiss this appeal for lack of jurisdiction.

This appeal is accelerated. *See* TEX. R. APP. P. 28.1(a). In an accelerated appeal, the notice

of appeal must be filed within twenty days after the judgment or order is signed. *See id*. 26.1(b).

The filing of a notice of appeal is jurisdictional. *See id*. 25.1(b). In the absence of a timely filed

notice of appeal, we must dismiss the appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997).

When an appealable order is signed, the trial court clerk is required to give notice to the parties or their attorneys of the signing of the order. TEX. R. CIV. P. 306a(3). When a party adversely affected by an appealable order does not receive the required notice or acquire actual notice of the order within twenty days after the order is signed, the time for filing post-judgment motions begins either on the date the required notice was received or on the date actual notice was acquired, whichever occurs first. TEX. R. CIV. P. 306a(4). To apply this rule, a party must prove in the trial court, on sworn motion and notice, the date on which he first received notice or acquired actual knowledge of the signing of the order. TEX. R. CIV. P. 306a(5). However, the date cannot be more than ninety days after the date the order was signed. *See* TEX. R. CIV. P. 306a(4). Furthermore, Rule 4.2(a)(1) of the Texas Rules of Appellate Procedure, which expressly addresses appellate deadlines provides,

> If a party affected by a judgment or other appealable order has not—within 20 days after the judgment or order is signed—either received the notice required by Texas Rule of Civil Procedure 306a.3 or acquired actual knowledge of the signing, then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing. **But in no event may the period begin more than 90 days after the judgment or order is signed.**

TEX. R. APP. P. 4.2(a)(1) (emphasis added).

In this case, Nawar invoked the procedure set out in Rule 306a to establish the date he received notice of the signing of the appealed order. *See* TEX. R. CIV. P. 306a(5). Nawar filed a motion asking the trial court to find that the date he first received notice or acquired actual knowledge of the order was April 5, 2017. The trial court granted the motion and found that Nawar first received notice or acquired actual knowledge of the order on April 5, 2017.

The record shows the appealed order was signed on December 16, 2016. Ninety days from that date was March 16, 2017. Because Nawar learned of the order more than ninety days after it was signed, neither Rule 306a of the rules of civil procedure nor Rule 4.2(a)(1) of the rules of appellate procedure can operate to extend the time for filing his notice of appeal. *See In re Lynd Co.*, 195 S.W.3d 682, 684 n.2 (Tex. 2006) ("Rule 306a(4) does not apply and cannot serve to extend a trial court's plenary power when a party learns of final judgment more than ninety days after it is signed."); *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993) (explaining that "notice received after the 90th day is simply not covered by [rule 306a]."); *In the Interest of J.A.T.*, No. 04-12-00183-CV, 2012 WL 3732824, at *1 (Tex. App.—San Antonio 2012, pet. denied) (concluding neither Rule 306a(4) nor Rule 4.2(a)(1) applied because the appellant first received notice of the appealed order more than ninety days after it was signed). Therefore, Nawar's notice of appeal was due on January 5, 2017. Because Nawar's notice of appeal was not filed until April 6, 2017, it was untimely.

We warned Nawar that we would dismiss this appeal unless he filed a response showing that we had jurisdiction. No response was filed. We, therefore, dismiss this appeal for lack of jurisdiction. *See J.A.T.*, 2012 WL 3732824 at *1 (dismissing appeal for lack of jurisdiction when neither Rule 306a(4) nor Rule 4.2(a)(1) applied because the appellant first received notice of the appealed order more than ninety days after it was signed).

PER CURIAM