# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-20-00021-CV
_____

**GERDAU AMERISTEEL CORPORATION AND GERDAU S.A., Appellants**

**V.**

**BRUCE BEARD AND SARAH BROCK, Appellees**

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause No. B160371-C**

## MEMORANDUM OPINION

Gerdau Ameristeel Corporation and Gerdau S.A. (collectively "Gerdau") filed a motion for an extension of time to file a notice of appeal from orders denying their special appearances.[1] The appellees, Bruce Beard and Sarah Brock, filed a motion to dismiss the appeal for lack of jurisdiction. Gerdau filed a response. We conclude the notice of appeal and motion for extension were filed outside of the allowable

---

[1] All of Gerdau's filings have been subject to the special appearances.

1

time period to perfect an accelerated appeal. Accordingly, we dismiss the appeal for lack of jurisdiction.

On September 16, 2019, the trial court signed orders denying Gerdau's special appearances. On January 17, 2020, Gerdau filed a motion that requested a hearing to determine that Gerdau first received notice or acquired actual knowledge of the signing of the orders denying the special appearances on January 17, 2020. *See* Tex. R. Civ. P. 306a. On the same day, Gerdau filed a notice of appeal and a motion for extension of time to file the notice of appeal. *See* Tex. R. App. P. 4.2, 26.3. On February 26, 2020, the trial court signed an order ruling on Gerdau's relevance objections to Beard's and Brock's exhibits supporting their response to Gerdau's special appearances. In an order signed the following day, the trial court found that Gerdau first received notice and first acquired actual knowledge of the orders denying the special appearances on January 17, 2020.

Gerdau argues the orders denying the special appearances were not complete until the trial court ruled on Gerdau's evidentiary objections. Section 51.014 describes which interlocutory orders are appealable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. It is the order denying a special appearance that is appealable, not the order on Gerdau's objections to Beard's and Brock's special appearance evidence. *See id.* § 51.014(a)(7). The trial court denied Gerdau's special appearances

2

on September 16, 2019; therefore, the orders were appealable from that date. *Id.* The accelerated timetable applies. *See* Tex. R. App. P. 26.1(b).

Gerdau argues we may treat the trial court's order of February 26, 2020, which ruled on Gerdau's objections to Beard's and Brock's evidence, as a modified special appearance order under Texas Rule of Appellate Procedure 27.3. *See* Tex. R. App. P. 27.3. The orders denying the special appearances and the order ruling on objections to evidence served different functions and the later order neither vacated nor modified the earlier orders denying the special appearances, but Gerdau's argument is unavailing in any case. Rule 27.3 provides a procedure through which the appellate court may consider actions occurring after the date of the appealable order in resolving the issues in the appeal. *See id.* Rule 27.3 states that a party may appeal a subsequent order or judgment but nothing in Rule 27.3 affects the timetable for the original appeal. *See id.* Here, the subsequent order concerns the special appearance but neither grants nor denies a special appearance and it is, therefore, not separately appealable.

In this case, because the twentieth day was a Sunday, the notice of appeal was due on or before October 7, 2019. *See id.*; *see also* Tex. R. App. P. 4.1(a). An extension could be granted to October 22, 2019. *See* Tex. R. App. P. 26.3. No notice of appeal was filed within the time permitted by these rules because, as the trial court

found, Gerdau received neither notice nor actual knowledge of the orders during this period. Therefore, Gerdau relies upon the procedure to gain additional time governed by Texas Rule of Civil Procedure 306a(5). *See* Tex. R. Civ. P. 306a(5); *see also* Tex. R. App. P. 4.2(b).

Gerdau argues the notice of appeal was filed within the extension period because Gerdau did not receive notice or acquire actual knowledge of the September 16 orders within ninety days and the notice of appeal and motion for extension of time were filed within the extension period if we calculate the appellate timetable from the ninetieth day after September 16, 2019. We cannot adopt Gerdau's suggestion, however, because the Supreme Court rejected this argument when it construed Rule 306a(4) in a case that Court decided over twenty-five years ago. *See Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993).

In *Levit*, the appellant learned of a dismissal for want of prosecution on the ninety-first day following dismissal and filed a bill of review. *Id*. at 469. Reviewing the denial of the bill of review, the Supreme Court considered competing interpretations of Rule 306a(4) and held that "notice received after the 90th day is simply not covered by the Rule." *Id.* at 470. Gerdau argues that in an accelerated appeal, a fair interpretation of Rule 306a(4) differs from the rationale expressed in *Levit*, where the litigant's rights were protected by the availability of a bill of review.

4

*See id.* But Rule 306a(4) applies to both final judgments and appealable interlocutory orders without distinguishing between the two. *See* Tex. R. Civ. P. 306a.[2] The limited exception in Rule 306a that provides a procedure for gaining additional time to perfect an appeal provides a remedy solely when a party learns of an appealable order within ninety days of the date the trial court signs the order. *JRJ Invs., Inc. v. Artemis Global Bus., Inc.*, No. 01-19-00004-CV, 2019 WL 6315195 at \*2–3 (Tex. App.—Houston [1st Dist.] Nov. 26, 2019, no pet.) (mem. op.); *Ford Motor Co. v. Garza*, 579 S.W.3d 709, 712–13 (Tex. App.—El Paso 2019, pet. filed). Gerdau is not entirely without a remedy because, as Beard and Brock concede, Gerdau can contest the trial court's personal jurisdiction ruling in an appeal from a final judgment. *See JRJ Invs., Inc.,* 2019 WL 6315195 at \*4.

---

[2] Rule 306a(4) provides:

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

We are not at liberty to interpret a rule of civil procedure in a manner inconsistent with a previous application of the Supreme Court. *See Levit*, 850 S.W.2d at 470. Accordingly, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

PER CURIAM

Submitted on April 1, 2020
Opinion Delivered April 2, 2020

Before McKeithen, C.J., Kreger and Horton, JJ.

6