**DISMISS and Opinion Filed May 15, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-24-00115-CV**

**IN THE MATTER OF C.M., A CHILD**

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-44063-W**

## MEMORANDUM OPINION

Before Justices Garcia, Breedlove, and Kennedy
Opinion by Justice Garcia

We questioned our jurisdiction over this appeal from the trial court's February 1, 2024 order denying appellant's application for writ of habeas corpus as the order appeared void and unreviewable on appeal. *See In re M.K.*, 514 S.W.3d 369, 390 (Tex. App.—Fort Worth 2017, no pet.) (holding when an appeal is taken from a void order, an appellate court's jurisdiction is limited to vacating the order and dismissing the appeal).

The trial court denied appellant's Application for Writ of Habeas Corpus and Motion for Default Judgment on September 16, 2022. Appellant did not file a motion for new trial and the trial court's plenary power expired on October 17, 2022. TEX.

R. CIV. P. 329(b)(d). After gaining constructive notice of the court's order in September of 2023, on December 22, 2023, appellant filed a Motion to Gain Additional Time to Appeal and Corrected Judgment. Appellant alleged that he had not been provided notice of the order by the clerk of the court as required under Rule 306a. TEX. R. CIV. P. 306a. Appellant requested the trial court "correct" the order pursuant to Texas Rule of Civil Procedure 306a in order to restart the appellate deadlines. The State did not oppose the motion and the court "corrected" the order on February 1, 2024 by signing a new order with that date.

Rule 306a(4) provides that the period under Rule 329b during which the trial court has plenary power over its final judgment begins on the date that such party or the party's attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." TEX. R. CIV. P. 306a(4). The Supreme Court of Texas has held that the exception under Rule 306a(4) does not apply if the party and the party's attorney do not receive the notice required by Rule 306a(3) or acquire actual knowledge of the judgment or order within ninety days after the trial court signed the judgment or order. *See Levit v. Adams*, 850 S.W.2d 469, 469–70 (Tex. 1993) (per curiam).

In appellant's affidavit submitted in support of the motion to gain time and corrected judgment, appellant stated he first received notice of the order denying his habeas petition on September 1, 2023—350 days after the order was signed on

September 16, 2022. Accordingly, rule 306a does not apply and cannot serve to extend the trial court's plenary power because appellant learned of the trial court's order more than ninety days after it was signed. *Id.* (noting that in such cases a bill of review is the proper method of seeking relief).

At our direction, appellant filed a letter brief addressing our concern. In his letter, appellant now argues this Court should deem the new order a "corrected" order and thus a nunc pro tunc order pursuant to rule 316 of the Rules of Civil Procedure. TEX. R. CIV. P. 316. While a trial court may issue a nunc pro tunc order following the expiration of its plenary power to correct a clerical error made in the order, a trial court may not do so to correct a judicial error made in rendering a final order. *In re A.M.C.*, 491 S.W.3d 62, 66 (Tex. 2016); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986).

Appellant acknowledges that a clerical error is a mistake or omission that prevents the order as entered from reflecting the order as rendered. *Operation Rescue–Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 937 S.W.2d 60, 86 (Tex. App.—Houston [14th Dist.] 1996), aff'd as modified, 975 S.W.2d 546 (Tex. 1998). Yet, appellant claims "the failure of the district clerk to timely serve Appellant with the court's order of September 16, 2022, was a clerical error because no judicial reasoning occurred in the failure to properly serve Appellant." We disagree. The trial court rendered its order denying appellant's habeas application on that date, and the order correctly reflects the court's rendition. *See Lung v. Varga*,

400 S.W.2d 1, 3 (Tex. App.—Austin 1966, no writ) (holding where court made no mistakes in first judgment and none were corrected in second judgment, appellant could not maintain appeal on theory that he proceeded under rule 316). Any error was in the clerk's failure to provide notice of the order; there was no error on its face. Thus, the act of modifying the order by changing the date was not the correction of a clerical error. As such, it was not permissible pursuant to Rule 316.

The trial court lacked plenary power to sign the February 1, 2024 order, and the order is void. *See Pipes v. Hemmingway*, 368 S.W.3d 438, 445 (Tex. App.—Dallas 2012, no pet.). Because the appealed order was signed outside the trial court's plenary power, we lack jurisdiction to consider the merits of the appeal. Accordingly, we vacate the February 1, 2024 order and dismiss the appeal. *See M.K.*, 514 S.W.3d at 390. The September 16, 2022 order is the final order in the case.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

240115F.P05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE MATTER OF C.M., A CHILD

No. 05-24-00115-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas Trial Court Cause No. JD-44063-W. Opinion delivered by Justice Garcia. Justices Breedlove and Kennedy participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 15th day of May 2024.